# CHALONER *v.* SHERMAN.

## ERROR TO THE CIRCUIT COURT OF APPEALS FOR THE SECOND CIRCUIT.

No. 121. Argued November 16, 17, 1916.—Decided January 8, 1917.

Omission of the statutes of New York concerning proceedings *de lunatico inquirendo* (Code of Civil Procedure, 1898, §§ 2320, *et seq.*), to provide expressly that notice of and opportunity to be heard at the inquisition shall be afforded to the alleged incompetent, *held*, not violative of the due process clause of the Fourteenth Amendment, it appearing by the decisions of the highest court of the State that the requisite notice and opportunity are otherwise impliedly afforded under the state law.

In proceedings under the New York statutes, *supra*, which resulted in the appointment of a committee of plaintiff's person and estate, the plaintiff, who was committed at a private hospital at the time, was served with notice of the application to appoint a commission to inquire into his mental capacity, of the inquisition, and of the motion to confirm its finding and appoint the committee. He was physically able to attend but did not appear, ask anyone to represent him or seek an adjournment. At the inquisition, the commission and jury, after hearing witnesses, concluded that his attendance was unnecessary, and did not require it, there being evidence that if enforced it would be detrimental to his mind. *Held*, that due process was satisfied, and that the order appointing the committee was not open to collateral attack.

Subsequently the court accepted the resignation of the committee and appointed another in his stead, without giving notice or affording opportunity to be heard to the plaintiff or the other persons interested in the original proceedings. *Held*, not violative of due process.

Orders of a state court declaring a person found within the State incapable of managing himself and his affairs and appointing a committee of his person and his property within the State are not assailable collaterally by proof that he was and remained a citizen and resident of another State, or that he was served in the proceedings through being corruptly lured into the first State and there illegally committed to a private hospital, or that the adjudication of insanity

was made on perjured evidence while he was actually sane, or that his sanity and competency have been established by a later adjudication of a court of his domicile and have since continued.
215 Fed. Rep. 867, affirmed.

THE case is stated in the opinion.

*Mr. Edward F. Colladay* and *Mr. Sidney J. Dudley* for the plaintiff in error, *Mr. John Armstrong Chaloner*, who also filed a brief.

*Mr. Joseph H. Choate, Jr.*, for defendant in error.

MR. JUSTICE BRANDEIS delivered the opinion of the court.

This is an action in which the plaintiff seeks damages for withholding his securities and moneys. The defendant sets up as justification that he received and held the property by virtue of two orders of the Supreme Court of New York appointing him committee of the person and estate of the plaintiff as one "incompetent to manage himself or his affairs." The validity and alleged effect of these orders were denied by plaintiff. The action was brought in 1904 in the Circuit Court of the United States for the Southern District of New York; was transferred to the District Court January, 1912, by virtue of Judicial Code, § 290, and was tried before a jury in that year. A verdict was directed for the defendant at the close of the plaintiff's case; and the judgment entered thereon was affirmed by the Circuit Court of Appeals. The case comes here upon writ of error.

The complaint alleges that the plaintiff is a citizen and resident of Virginia and the defendant a citizen and resident of New York; but federal jurisdiction was not rested solely on diversity of citizenship. The complaint alleged also that the orders of the Supreme Court of New

York upon which defendant relies are void as having been entered without due process of law in violation of the Federal Constitution. The contention was insisted upon in both the lower courts. This court has, therefore, jurisdiction to review the whole case. *Howard* v. *United States,* 184 U. S. 676, 681.

The orders under which defendant justifies were that of June 23, 1899, adjudging plaintiff incompetent, appointing a committee of his person and estate and naming one Butler as such; and that of November 19, 1901, appointing defendant as his successor. These orders were made under statutes of New York, the material portions of which are set forth in the margin.[1] The proceedings were

---

[1] New York Code of Civil Procedure, 1898.

"§ 2320. *Jurisdiction; concurrent jurisdiction.*

"The jurisdiction of the supreme court extends to the custody of the person, and the care of the property, of a person incompetent to manage himself or his affairs, in consequence of lunacy, idiocy, habitual drunkenness, or imbecility arising from old age or loss of memory and understanding or other cause. . . .

"§ 2322. *Committee may be appointed.*

"The jurisdiction, specified in the last two sections, must be exercised by means of a committee of the person, or a committee of the property, or of a particular portion of the property, of the incompetent person, appointed as prescribed in this title. The committee of the person and the committee of the property may be the same individual or different individuals, in the discretion of the court.

"§ 2323. *Application for committee, by whom made.*

"An application for the appointment of such a committee must be made by petition, which may be presented by any person. Except as provided in the next section, where the application is made to the supreme court, the petition must be presented at a special term held within the judicial district or to a justice of said court within such judicial district at chambers, where the person alleged to be incompetent resides; or if he is not a resident of the state, or the place of his residence can not be ascertained, where some of his property is situated or the state institution is situated of which he is an inmate.

\*   \*   \*   \*   \*   \*   \*   \*

held in New York City where much of plaintiff's property was located. For over two years prior to the entry of the earlier order plaintiff had been an inmate of Bloomingdale,

"§ 2325. *Contents, etc., of petition; proceedings upon presentation thereof.*

"The petition must be in writing, and verified by the affidavit of the petitioner, or his attorney, to the effect that the matters of fact therein stated are true. It must be accompanied with proof, by affidavit, that the case is one of those specified in this title. It must set forth the names and residences of the husband or wife, if any, and of the next of kin and heirs of the person alleged to be incompetent; as far as the same are known to the petitioner, or can, with reasonable diligence, be ascertained by him, and also the probable value of the property possessed and owned by the alleged incompetent person, and what property has been conveyed during said alleged incompetency and to whom, and its value and what consideration was paid for it, if any, or was agreed to be paid. The court must, unless sufficient reasons for dispensing therewith are set forth in the petition or accompanying affidavit, require notice of the presentation of the petition to be given to the husband or wife, if any, or to one or more of the relatives of the person alleged to be incompetent, or to an officer specified in the last section. When notice is required, it may be given in any manner which the court deems proper; and for that purpose, the hearing may be adjourned to a subsequent day, or to another term at which the petition might have been presented.

\*     \*     \*     \*     \*     \*     \*     \*

"§ 2327. *Order for commission, or for trial by jury in court.*

"Unless an order is made as prescribed in the last section, if it presumptively appears, to the satisfaction of the court from the petition and the proofs accompanying it that the case is one of those specified in this title, and that a committee ought, in the exercise of a sound discretion, to be appointed, the court must make an order directing either.

"1. That a commission issue, as prescribed in the next section to one or more fit persons designated in the order, or

"2. That the question of fact arising upon the competency of the person, with respect to whom the petition prays for the appointment of a committee, be tried by a jury at a trial term of the court.

\*     \*     \*     \*     \*     \*     \*     \*

"§ 2328. *Contents of commission.*

"The commission must direct the commissioners to cause the sheriff

a private hospital near that city. At each stage in the proceeding leading up to the order of June 23, he was personally served there with notice and was given an opportunity to be heard. Thus he had notice of the motion, on May 19, to appoint the commission *de lunatico inquirendo;* of the inquisition on June 12; and of the mo-

---

of a county, specified therein, to procure a jury; and that they inquire, by the jury, into the matters set forth in the petition; and also into the value of the real and personal property of the person alleged to be incompetent, and the amount of his income. It may contain such other directions, with respect to the subject of inquiry, or the manner of executing the commission, as the court directs to be inserted therein.

\*     \*     \*     \*     \*     \*     \*     \*

"§ 2330. *Jury to be procured. Proceedings thereupon.*

"The commissioners, or a majority of them, must immediately issue a precept to the sheriff, designated in the commission, requiring him to notify, not less than twelve nor more than twenty-four indifferent persons, qualified to serve, and not exempt from serving, as trial jurors in the same court, to appear before the commissioners, at a specified time, and place, within the county, to make inquiry, as commanded by the commission. . . .

"§ 2331. *Proceedings upon the hearing.*

"All the commissioners must attend and preside at the hearing; and they, or a majority of them, have, with respect to the proceedings upon the hearing, all the power and authority of a judge of the court, holding a trial term, subject to the directions contained in the commission. Either of the commissioners may administer the usual oath to the jurors. At least twelve jurors must concur in a finding. If twelve do not concur, the jurors must report their disagreement to the commissioners, who must thereupon discharge them, and issue a new precept to the sheriff, to procure another jury.

"§ 2332. *Return of inquisition and commission.*

"The inquisition must be signed by the jurors concurring therein, and by the commissioners, or a majority of them, and annexed to the commission. The commission and inquisition must be returned by the commissioners, and filed with the clerk.

\*     \*     \*     \*     \*     \*     \*     \*

"§ 2334. *Proceedings upon trial by jury in court.*

"Where an order is made, directing the trial, by a jury, at a trial

tion to confirm the inquisition, and for appointment of a committee on June 23. Such notice and opportunity to be heard at the inquisition was required by the law of New York though not expressly recited in the statute; *Matter of Blewitt,* 131 N. Y. 541; *Gridley* v. *College of St. Francis Xavier,* 137 N. Y. 327; *Matter of Fox,* 138 App. Div. 43. Plaintiff was physically able to be present at this hearing. But he did not appear, did not send anyone to represent him, nor ask for an adjournment. At the inquisition the commission and the jury, after hearing witnesses, concluded that his attendance was unnecessary and did not require him to attend. There was evidence

---

term, of the questions of fact, arising upon the competency of the person, with respect to whom the petition prays for the appointment of a committee, the order must state, distinctly and plainly, the questions of fact to be tried; which may be settled as where an order for a similar trial is made in an action. The court may, in that or in a subsequent order, direct that notice of the trial be given to such persons, and in such a manner as is deemed proper. The trial must be reviewed in the same manner, with like effect, and, except as otherwise directed in the order, the proceedings thereupon are, in all respects, the same, as where questions of fact are tried, pursuant to an order for that purpose. The court may make inquiry, by means of a reference or otherwise, as it thinks proper, with respect to any matter, not involved in the questions tried by the jury, the determination of which is necessary, in the course of the proceedings. The expenses of the trial, and of such an inquiry, must be paid by the petitioner.

\*       \*       \*       \*       \*       \*       \*       \*

"§ 2339. *Committee under control of court; limitation of powers.*

"A committee, either of the person or of the property, is subject to the direction and control of the court by which he was appointed, with respect to the execution of his duties; and he may be suspended, removed, or allowed to resign, in the discretion of the court. A vacancy created by death, removal, or resignation may be filled by the court. But a committee of the property can not alien, mortgage, or otherwise dispose of, real property, except to lease it for a term not exceeding five years, without the special direction of the court, obtained upon proceedings taken for that purpose, as prescribed in title seventh of this chapter."

that his enforced attendance would be detrimental to his mental health.

As the plaintiff had notice and opportunity to be heard at each stage of these proceedings the essential elements of due process of law were fully met, and the court had jurisdiction to enter that order. It is not open to collateral attack, although plaintiff was then under commitment at Bloomingdale. See *Simon* v. *Craft*, 182 U. S. 427. The order of November 19, 1901, accepting Butler's resignation as committee and appointing defendant in his place, was made by the court without notice either to the plaintiff or to the other parties to the original proceedings. But this was a mere substitution of one officer of the court for another. No substantial right of the plaintiff was affected. Due process does not require notice and opportunity to be heard in such a proceeding; and the irregularity, if any, was not such as to prevent the court from exercising jurisdiction to determine the matter.

The validity of the orders was assailed and their effect contested also on other grounds. It was contended that plaintiff had been corruptly lured from his home in Virginia to New York in March, 1897, and then illegally committed to Bloomingdale and that he could not otherwise have been served in New York at all in the 1899 proceedings; that in 1899 plaintiff was a resident of Virginia; that the adjudication of incompetency in 1899 was made on perjured evidence; and that the plaintiff was then of sound mind and competent to manage his affairs. It was also contended that about November 6, 1901, the plaintiff being a citizen and resident of Albemarle County, Virginia, was adjudged by its county court to be of sound mind and capable of managing his person and estate; that he was such at the time of the commencement of this action and has been since. Much evidence was offered to support these contentions; but the facts if established could not overcome the defense presented by the orders

of the Supreme Court of New York. That court had jurisdiction because the plaintiff and his property were in New York; and the essentials of due process of law were met. The orders, consequently, are not void; and they are not subject to this collateral attack. See *United States* v. *Throckmorton*, 98 U. S. 61; *Hilton* v. *Guyot*, 159 U. S. 113, 207. If it be true that the orders ought to be set aside either because they were, as alleged, entered corruptly, irregularly, or inadvertently, or because owing to a change in plaintiff's condition a committee is no longer required, the remedy must be sought by a direct proceeding to that end. *Matter of Curtiss*, 137 App. Div. 584; 199 N. Y. 36. No evidence was introduced to prove that even an attempt was made to vacate or modify the orders. In this action of trover which seeks merely damages for alleged wrongful withholding of plaintiff's property, the existing orders constitute a complete defense. The evidence offered was properly excluded, and there was no error in directing a verdict for the defendant.

*Judgment affirmed.*