Otto Tischer et al., Petitioners, *v.* District Court of San Juan, Respondent.

No. 760. Argued April 6, 1931.—Decided April 17, 1931.

J. Martínez Dávila, E. Igaravídez, and L. A. García del Rosario for petitioners. F. Pérez Almiroty for respondent.

MR. JUSTICE TEXIDOR delivered the opinion of the Court.

Proceedings were taken in the District Court of San Juan by Otto, Herbert, Walter, Carl Julius, and Hertha Tischer Voight to have Emilia Voight, widow of Tischer and mother of the petitioners, declared incapacitated and a guardian appointed to manage her property. After a hearing, the court made an order granting the petition and appointing Otto Tischer as her guardian for the purpose of managing her property. The guardian was sworn and in due time he furnished the bond required by the court and took up his duties.

Olga Tischer de Thyboe, a legitimate daughter of said Emilia Voight, filed a motion in court and alleged that the said Emilia Voight had been declared incapacitated without receiving any notice of the petition filed for that purpose and without being notified of the appointment of a guardian; that the guardian so appointed had not been sworn; that said Emilia Voight is of sound mind, and that she can attend to the management of her property. She prayed the court to rehabilitate the party declared incapacitated. A special district attorney appeared at the same time before the court and in a written motion stated that he had investigated the case of Emilia Voight de Tischer and all the proceedings had therein, in which he found that the titular district attorney had not appeared at the hearing of the case but without stating any date had merely entered on the papers the notation "no objection." He moved the court to reconsider

its order declaring Emilia Voight incapacitated, on the grounds that it was sought to deprive her of her personal liberty without due process of law; that no next friend had been appointed to represent her; that only five of her seven children had appeared and those so appearing had failed to establish before court the interest which they claim to have in the case and in the property of Mrs. Emilia Voight; that the extent of the guardianship had not been fixed; that no bond had been furnished as required by section 271 of the Civil Code; that the other children of Emilia Voight had not been heard; and that she asks to be heard in the case, before being deprived of her liberty and of the management of her property, since she has always been and is now mentally sound, as stated in an affidavit of her daughter, Olga Tischer de Thyboe; that the proceedings had are erroneous, as this is not the case of a guardianship of an insane person or of a deaf mute. This motion is verified by Olga Thyboe.

The court entered an order directing the opening of its order of August 28, 1930, for the purpose of a rehearing thereon, since the district attorney had asserted that he had made an investigation assisted by medical experts, who reported that the lady whom the court had declared to be incapacitated was not so, and set March 26 for the taking of proofs by the district attorney and the opposing party. Thereupon a petition for certiorari to review that order was filed. The petition of Olga Tischer de Thyboe regarding rehabilitation was denied.

The grounds for the petition in certiorari herein are: (a) That the order made by the court is void, as being contrary to the procedure established by section 255 of the Civil Code; and (b) that if the case is prosecuted in the manner directed by the judge in said order, the petitioners are deprived of their right of appeal.

It is true that according to section 255 of the Civil Code of Puerto Rico, "against the decree terminating the pro-

ceedings for incapacity, the interested parties may interpose a suit in the ordinary manner, by means of an oral and public trial." But it can not be denied that in the instant proceedings Emilia Voight, widow of Tischer, was not one of the "interested parties" designated as such in the quoted provision. She does not appear at all to have been served with notice of the petition, nor has she taken any part in the proceedings which involved her right to manage her property, and her mental capacity. As appears from the record, the intervention of the district attorney was not in fact sufficient; and in law, according to the decisions in *Chaloner* v. *Sherman*, 242 U.S. 455, and *Simon* v. *Craft*, 182 U.S. 427, it was not sufficient either. The objection raised by the special district attorney, to the effect that the declaration of incapacity was made without due process of law, is very important and goes to the jurisdiction of the court. Where such an objection—a jurisdictional one—exists, the court acts properly in opening the case, even though other grounds which the judge considered as strong and which possibly are so are stated in the order.

To apply strictly section 255 of the Civil Code in a peculiar case such as the present one, would be to prevent Emilia Voight from having any defense. It would lead to a situation where the person declared to be incapacitated, in order to attack the declaration of incapacity, must litigate precisely through a guardian who, as is the case here, may be one of the persons who have sought such declaration.

Perhaps in a different case we might have some doubt. But in the instant case, where we find that the party really interested, Emilia Voight, was not summoned or served with notice of the proceedings, nor had an opportunity to defend herself; where it appears that such an important element as that is lacking, we can not hold as erroneous an order which opened the proceedings and which might have been more radical.

118

The petition for certiorari filed by Otto, Herbert, Walter, Carl Julius, and Hertha Tischer must be denied, and the writ issued discharged.

Mr. Justice Aldrey dissented.

Mr. Justice Wolf took no part in the decision of this case.