OTTO, HERBERT, WALTER, CARL JULIUS y HERTHA TISCHER, peticionarios, *v.* LA CORTE DE DISTRITO DE SAN JUAN, HON. CARLOS LLAUGER DÍAZ, JUEZ, demandada.

No. 760.—*Sometido:* Abril 6, 1931. *Resuelto:* Abril 17, 1931.

J. *Martínez Dávila, E. Igaravídez* y *L. A. García del Rosario,* abogados de los peticionarios; *F. Pérez Almiroty,* abogado del juez demandado.

EL JUEZ ASOCIADO SEÑOR TEXIDOR, emitió la opinión del tribunal.

Ante la Corte de Distrito de San Juan se siguió un procedimiento, instado por Otto, Herbert, Walter, Carl Julius y Hertha Tischer y Voight para que se declarase a Emilia Voigt viuda de Tischer, madre de los peticionarios, incapacitada, y se le nombrara un tutor para administrar sus bienes; se celebró la vista, y la corte dictó una resolución conforme a lo pedido, y nombrando a Otto Tischer tutor de la referida señora para administrar sus bienes. Prestó el tutor juramento, y en su oportunidad la fianza por la corte requerida, y tomó posesión del cargo.

Olga Tischer de Thyboe, hija legítima de Emilia Voigt viuda de Tischer, acudió a la corte y alegó que la referida Emilia Voigt había sido declarada incapacitada sin ser notificada de la petición que a ese fin se presentara, ni tener noticia del nombramiento de tutor, que el nombrado para este cargo no había jurado, que la dicha Emilia Voigt se halla en perfectas condiciones mentales, y puede atender a la administración de sus bienes; y pidió a la corte rehabilitara a la declarada incapaz. Al mismo tiempo el fiscal especial compareció por escrito ante la corte y alegó que había practicado una investigación en cuanto a Emilia Voigt de Tischer,

y a todo el expediente, en el que encontró que el fiscal de distrito no compareció a la vista del caso y sin expresar la fecha de su aprobación, se limitó a consignar en el mismo expediente la frase *"no me opongo";* que pide se reconsidere por la corte su resolución declarando incapacitada a Emilia Voigt, porque se pretende privarla de su libertad personal sin el debido proceso de ley; porque no se le nombró un defensor; porque siendo siete los hijos de esa señora, sólo han comparecido cinco, y no han justificado ante la corte el interés que afirmaban tener en el caso y en los bienes de Doña Emilia Voigt; porque no se han fijado los límites de la tutela; porque no existe una fianza como lo exige el artículo 271 del Código Civil; porque no han sido oídos los otros hijos de la interesada; y porque ésta pide ser oída en el caso, antes de que se le prive de su libertad y de administrar sus bienes, cuando ella ha estado siempre, y está ahora, en perfectas condiciones mentales, según jura su hija Olga Tischer de Thyboe; y que el procedimiento se ha seguido erróneamente, porque no se trata del caso de tutela de un loco o sordomudo. Jura la petición Olga Thyboe.

La corte dictó una resolución por la que declaraba abierta a investigación su resolución del 28 de agosto de 1930, toda vez que el fiscal aseveraba haber practicado una investigación con peritos médicos que informaban que la señora a quien la corte declaró incapaz, no lo está; y señaló la fecha del 26 de marzo para que el fiscal y la otra parte trajeran su prueba. Contra esta resolución se presentó la petición de *certiorari.* La petición de Olga Tischer de Thyboe sobre rehabilitación se declaró sin lugar.

Los fundamentos de esta petición de *certiorari* son: (*a*) que la orden dictada por la corte es nula, porque es contraria al procedimiento establecido por el artículo 255 del Código Civil de Puerto Rico; y (*b*) que si el caso se tramita en la forma que dispone el juez en tal orden se priva a los peticionarios de su derecho de apelación.

Es cierto que según el artículo 255 del Código Civil de Puerto Rico "contra los autos que pongan término al expediente de incapacidad podrán los interesados deducir demanda ordinaria por el procedimiento del juicio oral y público". Pero es innegable que en el expediente de que se trata, no fué Emilia Voigt viuda de Tischer una parte de las que el precepto legal llama "interesados." Ella no aparece en forma alguna notificada de la petición; y no ha intervenido en este procedimiento en que se trataba de su libertad para administrar y de su capacidad mental. La representación por el fiscal de distrito, no aparece de hecho, y por lo que se ve de los autos, suficiente; y de derecho, de acuerdo con la jurisprudencia en *Chaloner* v. *Sherman,* 242 U. S. 455, y *Simon* v. *Craft,* 182 U. S. 427, tampoco era bastante. La objeción hecha por el fiscal especial acerca de que la declaración de incapacidad se hizo sin el debido proceso de ley, es muy importante, y afecta a la jurisdicción de la corte. Esta al abrir el caso donde hay una objeción de esa clase, jurisdiccional, no comete un error, aunque se expresen en la orden otros motivos que al juez parecieron de fuerza, y que posiblemente lo son.

Seguir estrictamente, en un caso anormal como éste, el artículo 255 del Código Civil, sería impedir que Emilia Voigt tuviera defensa alguna. Conduciría a establecer que el declarado incapaz, para ir contra tal declaración tiene que litigar, precisamente por medio de su guardián o tutor, que en algún caso, como el presente, puede ser uno de los que instaron la declaración de incapacidad.

Quizá tuviéramos alguna duda en otro caso. Pero aquí, donde en el procedimiento encontramos que realmente la interesada Emilia Voigt no fué citada, o notificada de la petición, y no tuvo oportunidad de defenderse, donde aparece faltó algo tan importante, no podemos declarar como errónea la resolución que deja abierto el proceso, y que pudo ser más radical.

*La petición de Otto, Herbert, Walter, Carl Julius y Hertha Tischer debe ser denegada; y el auto expedido debe anularse.*

El Juez Asociado Señor Aldrey disintió.*

El Juez Asociado Señor Wolf no intervino.