Olga Tischer de Thyboe, a nombre y representación de Emilia Voight Vda. de Tischer, peticionaria, *v.* Otto Tischer Voight, recurrido.

No. 97.—*Sometido:* Abril 6, 1931. *Resuelto:* Abril 29, 1931.

*F. H. Dexter* y *E. Díaz Cintrón,* abogados de la peticionaria; *F. Igaravídez, E. García del Rosario* y *J. Martínez Dávila,* abogados del recurrido.

EL JUEZ ASOCIADO SEÑOR TEXIDOR, emitió la opinión del tribunal.

Olga Tischer de Thyboe, a nombre y en representación de Emilia Voight viuda de Tischer ha presentado una petición de *habeas corpus,* en la que esencialmente alega que la referida Emilia Voight se halla bajo la custodia ilegal de Otto Tischer, restringida en su libertad; que tal custodia ilegal se origina en una resolución dictada por la Corte de Distrito de San Juan en 28 de agosto de 1930, declarando a dicha señora incapacitada y nombrando a Otto Tischer Voight tutor de la misma para la administración de sus bienes, a petición de Otto, Herbert, Walter, Carl Julius, y Hertha Tischer Voight, sin que de tal petición tuvieran noticia sus otras hijas, la peticionaria y Clara Tischer; que por virtud de tal resolución Otto Tischer Voight se ha incautado de la administración de los bienes de Emilia Voight, y tiene a ésta privada de su libertad personal, impidiéndole que sostenga sus relaciones familiares con la peticionaria y cultive sus amistades; que la resolución judicial que origina tal privación de libertad es nula porque al tiempo en que se dictó no estaba incapacitada Doña Emilia Voight, quien solamente ha sufrido un ataque de parálisis parcial que no afectó a sus facultades, y porque la resolución se dictó sin que Doña Emilia Voight fuera notificada del procedimiento, ni fuera oída en el caso, sin darle su día en corte, sin debido proceso de ley y en violación de la Constitución de los Estados

Unidos y del Acta Orgánica de Puerto Rico; que además está pendiente ante este tribunal un procedimiento de *certiorari*, que se relaciona con la resolución en que se declaró incapacitada a Doña Emilia Voight y otra posterior declarando abierto el procedimiento, a virtud de petición del Departamento de Justicia.

Se expidió el auto dirigido a Otto Tischer Voight, para que trajera ante el tribunal a Emilia Voight, viuda de Tischer, y expusiera la razón de tener a dicha señora detenida y privada de su libertad.

En la fecha señalada comparecieron las partes, no trayendo Tischer a la Señora Voight por hallarse imposibilitada por razón de enfermedad.

Otto Tischer presentó, por escrito, una contestación, bajo juramento, en la que alega que la señora Voight se halla padeciendo de parálisis parcial que la dificulta para andar y subir escaleras; que no es cierto que ella esté privada de libertad ni detenida en forma alguna por el recurrido, ni impedida de jurar o firmar documento alguno que se le presente, y que ella sale de la casa cuando le place, o cuando la peticionaria u otra persona la va a buscar y a sacarla de paseo; que la Corte de Distrito de San Juan en 28 de agosto de 1930 dictó la resolución a que la petición se refiere, declarando incapaz a Doña Emilia Voight a solicitud de cinco de sus siete hijos legítimos, y que el tutor ha prestado fianza, aprobada por la corte, y ha tomado posesión de los bienes de la incapaz, para administrarlos, pero no impide ni restringe la libertad personal de dicha señora, ni la cohibe en sus relaciones de familia o de amistad, y que la peticionaria penetra en la casa de Doña Emilia cuando le place, y la saca de paseo; que la tutela se refiere sólo a la administración de los bienes; de nuevo niega toda restricción de libertad personal de Doña Emilia Voight; hace algunas alegaciones con respecto al testamento de dicha señora; y pide que se declare sin lugar la petición de *habeas corpus*.

En la vista del caso, la peticionaria presentó como prueba documental los autos o expediente No. 12930 de la Corte de Distrito de San Juan, sobre declaraciones de incapacidad de Doña Emilia Voight y nombramiento de tutor en favor de Don Otto Tischer y Voight. Y en el argumento redujo la cuestión esencialmente a estas proposiciones:

(*a*) Doña Emilia Voight no fué notificada de la petición de incapacidad, y el procedimiento se siguió sin tal notificación.

(*b*) Doña Emilia Voight, en ese procedimiento no fué oída, ni pudo defenderse.

Y en las dos proposiciones, las legales de que se ha hecho la declaración de incapacidad sin el debido proceso de ley, y en violación de la Constitución de los Estados Unidos y del Acta Orgánica de Puerto Rico.

En realidad, no se ha presentado en forma la discusión acerca de la existencia de incapacidad de la Doña Emilia, salvo en lo que aparezca de los autos presentados como prueba, y a que antes hacemos referencia. El procedimiento es, cuando menos, peligroso; ya que una de las alegaciones de la petición de *habeas corpus* es que la referida señora no es incapaz; y parecía lo natural que se intentara la prueba de tal alegación, controvertida por Otto Tischer, y por la resolución de que se trata.

De los autos que se ofrecieron y fueron admitidos como prueba aparece:

(1) Que cinco hijos legítimos de Doña Emilia Voight, viuda de Tischer, acudieron a la Corte de San Juan, y alegaron que su madre Doña Emilia Voight, viuda de Tischer, se encontraba enferma, sufriendo de reblandecimiento cerebral y absolutamente incapacitada para administrar sus bienes, pidieron la declaración de incapacitada para administrar bienes, y el nombramiento de tutor en favor de Otto Tischer. Esta petición fué notificada en 6 de agosto de 1930 al señor fiscal del distrito de San Juan; no aparece notificación alguna a Emilia Voight viuda de Tischer.

(2) Del récord taquigráfico resultan las declaraciones de Otto Tischer, Walter Tischer, Doctor Leandro López de la Rosa, Doctor Luis B. de la Vega. Los dos primeros, peticionarios en el caso, declaran acerca de la existencia de siete hijos de Doña Emilia Voight, todos mayores de edad, fallecimiento de su padre, y edad de la madre, que es de sesenta y seis años; que esta señora posee una casa y unos dos o tres mil dollars en un banco; que hace un año ella tuvo un ataque de apoplejía muy serio, del que ha mejorado, pero quedando con el lado derecho del cuerpo paralizado, e imposibilitada de escribir, y que aunque puede moverse, no puede hacer nada; que por lo general piensa bien, pero tiene alguna confusión en sus ideas; que no creen que tenga capacidad para administrar sus bienes; que no tiene padres, es viuda, y su hijo mayor es Otto Tischer, que atiende a sus necesidades y se ocupa de ella desde hace cinco años que viven juntos. El doctor López de la Rosa declaró que Doña Emilia Voight se halla paralítica del lado derecho del cuerpo, con una afección cerebral del lado izquierdo, reblandecimiento del cerebro y pérdida del habla, y no cree que tenga conocimiento bastante, porque no puede comunicar, ni hablar, ni escribir; que esa condición es, por la apariencia, permanente; y tiene más de sesenta años, siendo lo más probable que su mal se agrave. El Dr. de la Vega, declara haber asistido a Doña Emilia, y la encontró en estado de completa parálisis de un lado, y con los fenómenos de una lesión cerebral; la asistió quince o veinte días; y cree que la lesión es permanente, y que no tiene capacidad para administrar sus bienes, ni puede escribir, ni hablar.

El fiscal, en vez de informe, escribió en la copia del récord taquigráfico "No me opongo" y su firma. Debe interpretarse que no se opone a la declaración solicitada.

En la resolución el juez mantiene que Doña Emilia Voight se halla enferma sufriendo de reblandecimiento cerebral, e incapacitada para administrar sus bienes, y le nombró de

tutor a su hijo Otto para los actos y gestiones que fueran necesarios con respecto a los bienes. El tutor prestó juramento; se practicó el inventario; la corte fijó el montante de la fianza en $5,000; y la prestó el tutor y se aprobó por la corte.

Del expediente aparece que por el fiscal especial se presentó una moción para que se abriera el caso, por no estar incapacitada la Doña Emilia Voight; pero éste no es punto a resolver en el presente procedimiento.

Encontramos que en el juramento de la solicitud, suscrito por Olga Tischer de Thyboe, nada se dice acerca de las causas por las que Emilia Voight no suscribe la petición y el juramento. A nuestro juicio, esto ha debido expresarse en el texto de la declaración jurada.

Se nos cita por la parte peticionaria la decisión en el caso *Chaloner* v. *Sherman,* 242 U. S. 455, y la en el caso *Jetta Simon* v. *Craft,* 182 U. S. 427. La parte en su memorándum, dice:

"La Corte Suprema de los Estados Unidos ha resuelto que los procedimientos para declarar demente o mentalmente incapacitada a una persona, infringen la cláusula del debido procedimiento de ley de la Constitución si no se notifica personalmente a la parte contra quien se procede y se le da la oportunidad de ser oída."

Hemos estudiado la opinión en ese caso; no encontramos la declaración explícita que se nos alega. Parece que una conclusión en el mismo sentido es lo que la parte ha querido presentar.

Del *syllabus* en el caso mencionado tomamos:

"Se resolvió que la omisión en los estatutos de Nueva York relativos a los procedimientos *de lunatico inquirendo* (Código de Enjuiciamiento Civil de 1898, No. 2320, *et seq.*), de proveer expresamente que el supuesto incapacitado debe ser notificado y tener la oportunidad de ser oído en la investigación, no viola la cláusula sobre el debido procedimiento de ley de la Enmienda Décimocuarta,

toda vez que se desprende de las decisiones de la corte más alta del estado que el aviso y la oportunidad de rigor están por otra parte, implícitamente derogados por la ley del estado.''

En el caso que se cita, el interesado Chaloner fué notificado de la petición para que se nombrara una comisión que inquiriera acerca de su capacidad mental, y de la moción para que se confirmara el informe de la misma y se nombrara un comisionado; pudo asistir, y no asistió, a las diligencias; y la comisión resolvió que no era necesaria su presencia. Se resolvió que el debido proceso de ley estaba cumplido. Después de esto, la corte aceptó la renuncia del comisionado, y nombró otro, sin oír a Chaloner; se decidió que no se había violado la cláusula constitucional.

El Código de Procedimiento de New York de 1898, proveía la forma de la petición; y asimismo que la corte podía requerir que la petición fuera notificada a la esposa, esposo, o próximo pariente de la persona cuya declaración de incapacidad se solicita. La Corte Suprema dijo:

''Como la parte demandante fué notificada y tuvo la oportunidad de ser oída en cada etapa de estos procedimientos, los elementos esenciales del debido proceso de ley fueron plenamente cumplidos y la corte tenía jurisdicción para dictar esa orden.''

En el caso *Jetta Simon* v. *Craft, supra,* también se sirvió a la interesada Jetta Simon una copia del auto, de acuerdo con el estatuto de Alabama; y esto se consideró suficiente.

El estatuto de Puerto Rico, Código Civil, artículos 250 a 256 trata la tutela de locos y sordomudos. En el primero de esos artículos se habla del nombramiento de tutor para los locos, dementes y sordomudos mayores de edad, y se exige en esos casos, como previa, la declaración de incapacidad para la administración de sus bienes, hecha por la corte de distrito de su domicilio; tal declaración puede ser pedida por el cónyuge o por los parientes, presuntos herederos abintestado del incapaz, o por el fiscal, en los casos que se

determinan en el artículo 252, en cuyo último párrafo se ordena que la corte de distrito nombrará defensor al presunto incapaz que no quiera o no pueda defenderse; y en los demás casos será defensor el fiscal.

A la luz de este artículo del Código Civil, el expediente de declaración de incapacidad de Emilia Voight, no puede sostenerse como legal y válido. No aparece de él que la interesada, presunta incapacitada, fuera provista de un defensor. Aparece el fiscal de distrito; pero no como *defensor* de la persona cuya incapacidad se alegó.

No comentamos el párrafo final del artículo 252 del Código Civil, 182 del revisado por la comisión codificadora, y por la comisión conjunta legislativa creada por Ley No. 50 de 1928, y autorizado por la Resolución Conjunta No. 18 de 21 de abril de 1930. De todas formas, el presunto incapaz ha de tener un defensor, sea el fiscal, o sea uno de los parientes de que habla el artículo. Y el concepto es el de defensor, no el de funcionario de la corte.

Que en este caso la presunta incapaz no tuvo esa representación o esa asistencia, es un hecho.

En esas condiciones, el expediente de declaración de incapacidad se siguió contra una persona que no fué notificada de su incoación, y que no tuvo su oportunidad de defenderse. No decidimos si Emilia Voight es una demente, no una loca, o no lo es. Pero si su incapacidad se refiere solamente a la administración de sus bienes, es más de afirmar, no ya el derecho que ella tenía a ser notificada de la petición, y de la tramitación del caso, sino la posibilidad práctica de tal notificación. Sin ella no ha podido legal y válidamente sometérsele a una tutela que en la realidad de los hechos implica cercenamiento de su libertad.

*Por tales razones, debe declararse con lugar la petición de hábeas corpus.*

El Juez Asociado Señor Wolf no intervino.

## OPINION DISIDENTE DEL JUEZ ASOCIADO SR. ALDREY.

El fundamento de la mayoría de este tribunal en el presente caso y en otro de las mismas partes sobre *certiorari* número 760 resuelto por este tribunal el día 17 de este mes y año es que la resolución de la Corte de Distrito de San Juan declarando a Doña Emilia Voight Vda. de Tischer incapaz para administrar sus bienes y nombrándole como tutor a su hijo Otto Tischer es nula, porque dicha señora no fué notificada de la petición hecha para tal fin por cinco de sus siete hijos.

En la opinión de la mayoría se citan los casos de *Chaloner* v. *Sherman,* 242 U. S. 455 y de *Simon* v. *Craft,* 182 U. S. 427, como demostrativos de que la petición en que solicitó la declaración de incapacidad debió ser notificada a la señora Voight; pero lo que se declaró en el caso de Chaloner no fué que era necesaria la notificación al presunto incapaz sino que se había cumplido con el estatuto de Nueva York que disponía tal notificación; y en el otro caso, procedente de Alabama, lo que se decidió fué que al ser arrestada la señora Jetta Simon como consecuencia de la petición para que se declarase su incapacidad se le entregó una copia del auto señalando día para la vista del caso, de acuerdo con el estatuto de Alabama. En esos dos casos se entregaron las mencionadas copias a los dos locos, pues en efecto lo eran, y a esto quedó reducida la participación de ellos en el procedimiento, pues la señora Simon no fué llevada ante el tribunal ni tampoco compareció Chaloner, y ninguno de ellos tuvo representación en el juicio, siendo ambas declaraciones de incapacidad confirmadas.

Nuestro Código Civil en los artículos que regulan la declaración de incapacidad de los locos, dementes y sordomudos mayores de edad no dispone que la petición solicitando la declaración de incapacidad sea notificada al presunto incapaz, como se dispone ahora por la mayoría de esta corte que debió hacerse, pero hace más que ordenar una simple noti-

ficación, pues le nombra una persona que la represente como defensor, disponiendo el artículo 252 que cuando el fiscal hace la petición de declaración de incapacidad en los casos, en el mismo especificados, la corte nombrará un defensor al presunto incapaz y que cuando la petición la hacen el cónyuge o los parientes autorizados para ello, será defensor el fiscal. De modo que en estos casos el fiscal es el defensor por autoridad expresa de la ley.

La petición de declaración de incapacidad en el presente caso fué hecha por hijos de la señora Voight, por lo que era su defensor y representante legal el fiscal, quien fué notificado de la petición el mismo día en que fué presentada en la corte de distrito; notificación que por sí misma convirtió al fiscal en defensor de la señora Voight. Por consiguiente no puede sostenerse, a mi entender, que no hubo un debido proceso de ley para la declaración de incapacidad en este caso pues tuvo un representante legal ante la corte. Es cierto que no aparece del récord taquigráfico del caso, que no está aprobado por la corte, que el fiscal estuviese presente cuando se practicaron las pruebas, pero esto no es causa de nulidad del procedimiento, con mayor motivo cuando constan en dicho récord las palabras "No me opongo" con la firma del fiscal, lo que demuestra que hizo un estudio de la prueba que fué presentada y que la encontró suficiente para la declaración de incapacidad.

Por lo expuesto entiendo que la declaración de incapacidad de la señora Voight no es nula ni el nombramiento de tutor que fué hecho, y que por esto no debió declararse con lugar la petición de hábeas corpus en este caso.