Paul MAZUR, Paul Woodson Mazur, Victoria Melnyk Mazur, and Walter Lewis Mazur, Plaintiffs,

v.

L.V. WOODSON, Ethel W. Johnson, and the Circuit Court for the City of Williamsburg and James City County, State of Virginia, Defendants.

Civil Action No. 4:96cv12.

United States District Court, E.D. Virginia, Newport News Division.

June 24, 1996.

Paul Mazur, Margate, NJ, Pro Se.

Paul Woodson Mazur, Margate, NJ, Pro Se.

Victoria Mazur, Hoboken, NJ, Pro Se.

Walter Lewis Mazur, Margate, NJ, Pro Se.

Alvin Powers Anderson, Williamsburg, VA, for L.V. Woodson, defendant.

Shannon Taylor Mason, Jr., Mason & Mason, Newport News, VA, for Ethel W. Johnson, defendant.

Gregory E. Lucyk, Alice Ann Berkebile, Office Of The Attorney General, James Stuart Gilmore, III, Attorney General of Vir-

ginia, Richmond, VA, for The Circuit Court for the City of Williamsburg and County of James City, State of Virginia, defendant.

### MEMORANDUM AND FINAL ORDER

CLARKE, District Judge.

This case concerns a decision of a state circuit court declaring Betty Dean Woodson Mazur incompetent and appointing Defendant L.V. Woodson as Betty Mazur's guardian. Plaintiffs are the spouse and children of Betty Mazur. Defendant L.V. Woodson is Betty Mazur's brother. Defendant Ethel W. Johnson is Betty Mazur's aunt. Defendant Circuit Court for the City of Williamsburg and James City County (hereinafter "Circuit Court") is the court from which the declaration of incompetency and appointment of guardian issued. Plaintiffs are residents of New Jersey. Defendants L.V. Woodson and Ethel W. Johnson are residents of Virginia. Plaintiffs assert that the decision of the Circuit Court was unconstitutional and in violation of the First, Fourth, Fifth, and Fourteenth Amendments and that L.V. Woodson and Ethel W. Johnson have perpetrated a fraud upon the Circuit Court.

At issue before the Court is the Circuit Court's Motion to Dismiss. This case has had a muddled procedural history. It was originally filed in the United States District Court for the District of New Jersey. That court transferred the case to the Western District of Virginia. Subsequently, because Defendant state Circuit Court is in the Eastern District of Virginia, the case was transferred here. While the case was in New Jersey, Plaintiffs were represented by New Jersey counsel. Upon transfer into this district, Plaintiffs were obligated by Local Rule 6(F) to retain local counsel. Local Rules of Practice 6(F), United States District Court, Eastern District of Virginia (effective Feb. 1, 1996). Plaintiffs have failed to retain local counsel and have submitted a response to the Circuit Court's Motion to Dismiss signed by the New Jersey counsel in violation of Local Rule 6(F). Plaintiffs now seek to proceed *pro se* but have not filed a separate response to the Circuit Court's Motion to Dismiss.

It is the opinion of this Court that the interests of justice are best served by the prompt disposition of this case. Accordingly, the Court waives the violation of the local rules and will rely on the argument provided in Plaintiffs' response to the Circuit Court's Motion to Dismiss that was signed by New Jersey counsel. The Court **GRANTS** the Virginia Circuit Court's Motion to Dismiss. The Court **FINDS** that Plaintiffs have not effectively pled diversity jurisdiction and that this Court's jurisdiction stems solely from the federal questions presented. Dismissal of the state Circuit Court dismisses all federal questions in this case. The Court declines to extend its supplemental jurisdiction over Plaintiffs' state law claims. Accordingly, this case is **DISMISSED IN ITS ENTIRETY.**

### I. BACKGROUND

The facts of this case are taken from Plaintiffs' pleadings for the purpose of this Motion to Dismiss. Paul and Betty Mazur were married in the State of Virginia in 1958. They took up residence in Virginia until 1965, at which time they relocated to New Jersey. The Mazurs have been residents and citizens of New Jersey for the past three decades.

Betty Mazur has a history of mental illness. Mrs. Mazur's mental condition deteriorated rapidly in May of 1994 from the onset of what was later determined to be Alzheimer's Disease. Paul Mazur transported Betty Mazur to live with her aunt, Defendant Ethel W. Johnson, in late May of 1994. It was Paul Mazur's belief that Mrs. Mazur's mental condition would be aided by visitation with her aunt.

On August 3, 1994, unbeknownst to Plaintiffs, Betty Mazur was moved from Ethel W. Johnson's residence to that of her brother, Defendant L.V. Woodson. On September 27, 1994, Woodson filed a petition for the appointment of guardianship over Betty Mazur in the Circuit Court of the City of Williamsburg and James City County. Woodson served notice of the guardianship hearing on Paul Mazur five days before the hearing. On October 6, 1994, the guardianship hearing was held before the Circuit Court. The Circuit Court declared Betty Mazur incapable of taking care of herself and made L.V. Woodson her guardian. Furthermore, Plaintiffs

complain that the Court denied them access to Betty Mazur by only allowing supervised, court-approved visitation.

Relevant to this Motion to Dismiss, Plaintiffs have brought numerous claims against the Circuit Court. First, they challenge the constitutionality of the Commonwealth of Virginia's exercise of jurisdiction over Betty Mazur. Then, they charge that the Circuit Court violated their First, Fourth, Fifth, and Fourteenth Amendment rights in failing to protect Plaintiffs' interests by appointing L.V. Woodson guardian of Betty Mazur. Plaintiffs seek declaratory and injunctive relief against the Circuit Court.

## II. ANALYSIS

### a. Standard of Review

■ In ruling on a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted, the complaint is construed in the light most favorable to the plaintiffs with their allegations taken as true. *Scheuer v. Rhodes*, 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974). The complaint should not be dismissed unless it appears beyond doubt that the plaintiffs can prove no set of facts that would entitle them to relief. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957); *Bruce v. Riddle*, 631 F.2d 272, 273–74 (4th Cir.1980). A court should not dismiss a complaint even if the chance of recovery on the basis of the pleadings appears remote. *Scheuer*, 416 U.S. at 236, 94 S.Ct. at 1686.

### b. Federal Court Review of State Courts

■ The Circuit Court asserts various theories of immunity against Plaintiffs' claims. The Circuit Court correctly notes that judges are afforded absolute immunity for damages arising out of judicial actions. *Stump v. Sparkman*, 435 U.S. 349, 364, 98 S.Ct. 1099, 1108–09, 55 L.Ed.2d 331 (1978); *Chu by Chu v. Griffith*, 771 F.2d 79, 81 (4th Cir.1985). Because the appointment of a guardian is a judicial function, *see Perkins v. United States Fidelity and Guaranty Company*, 433 F.2d 1303, 1304 (5th Cir.1970) (commitment of mentally ill persons is a judicial function), there can be no damages awarded against the Circuit Court. Judicial

immunity, however, does not extend to declaratory and injunctive relief. *Timmerman v. Brown*, 528 F.2d 811, 814 (4th Cir.1975).

■ The Circuit Court further claims that under the Eleventh Amendment, the Circuit Court, as a state entity, is entitled to absolute immunity from any form of relief. The Supreme Court has held that "in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment." *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100, 104 S.Ct. 900, 908, 79 L.Ed.2d 67 (1984). "This jurisdictional bar applies regardless of the relief sought." *Id.* This sweeping grant of immunity is subject to one important exception—a suit challenging the constitutionality of a state official's action is not one against the State and thus is permitted. *Id.* at 102, 104 S.Ct. at 909 (citing *Ex parte Young*, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908)). The *Ex parte Young* exception allows prospective relief but prohibits retroactive monetary relief. *Id.* at 102–03, 28 S.Ct. at 498–99 (citing *Edelman v. Jordan*, 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974)).

■ The *Ex parte Young* exception to Eleventh Amendment immunity permits Plaintiffs' cause of action in this case insofar as Plaintiffs raise a constitutional challenge to the actions of a state entity. Nevertheless, when the state entity whose actions are challenged is a judicial court, the federal district court's review of that action is further limited by the statutory grant of appellate authority afforded the Supreme Court. *See* 28 U.S.C. § 1257 (granting the Supreme Court jurisdiction over appeals from final judgments entered by a State's highest court). Although district courts may review the constitutionality of statutes utilized by state courts, *see District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 487, 103 S.Ct. 1303, 1317, 75 L.Ed.2d 206 (1983), district courts do not have jurisdiction "over challenges to state-court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional." *Id.* at

486, 103 S.Ct. at 1316–17; *Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 416, 44 S.Ct. 149, 150, 68 L.Ed. 362 (1923). Review of unconstitutional state court decisions must first be had through the state's judicial appeals process and then in federal court only by the Supreme Court. *Id.; see* 28 U.S.C. § 1257.

Applying the *Feldman–Rooker* doctrine in this case, it is apparent that Plaintiffs' challenges to the constitutionality of the Circuit Court's actions must be DISMISSED. Even if the Circuit Court did act unconstitutionally, the *Feldman* decision clearly establishes the appropriate path of review as first up to the State's highest court and then directly to the Supreme Court of the United States. District courts have no appellate authority over state court decisions. *Id.*

This Court retains jurisdiction only over the relatively narrow challenge to the constitutionality of the Commonwealth of Virginia statute utilized in this case, Va.Code § 37.1–132 (Michie 1990 & 1995 Supp.). Section 37.1–132 confers jurisdiction to the circuit court where the allegedly impaired "person is *located* or in which such person was a resident." (emphasis added). Plaintiffs appear to argue that because Mazur is not a citizen or resident of Virginia, the Commonwealth of Virginia cannot appoint a guardian for her only on the basis of location.

Plaintiffs' contention is incorrect. Plaintiffs do not dispute that Betty Mazur was present in Virginia and within the physical jurisdiction of the Circuit Court at the time that L.V. Woodson was appointed guardian. Mere presence in a state is sufficient to confer jurisdiction on the state's courts for matters relating to the oversight of the mentally ill or incapacitated. *See Chaloner v. Sherman,* 242 U.S. 455, 461–62, 37 S.Ct. 136, 137–39, 61 L.Ed. 427 (1917). In *Chaloner,* the Supreme Court was faced with a plaintiff who was a resident of Virginia and who had been adjudged by a Virginia state court to be of sound mind. Subsequently, that same person, who had been physically present in New York, was found to be incompetent by a New York court. The Supreme Court held that "the facts [proving citizenship in Virginia] could not overcome the defense presented by the orders of the Supreme Court of New York. That court had jurisdiction because *the plaintiff* and his property were in New York." *Id.* (emphasis added); *see Powers v. Citizens Union Nat'l Bank & Trust Co.,* 221 F.Supp. 617, 624 (E.D.Ky.1963) (presence, even in the absence of domicile, in county is sufficient to confer state court with jurisdiction for declaration of mental incompetency). In this case, Virginia Code § 37.1–132 confers its circuit courts with jurisdiction over persons present within the jurisdiction of the circuit court. Because there is no constitutional infirmity in the statute used by the Circuit Court, Plaintiffs' claims against the Circuit Court are DISMISSED IN THEIR ENTIRETY.

### c. Claims against Woodson and Johnson

Having dismissed the constitutional claims against the Circuit Court, this Court will decline to extend jurisdiction over the claims against Defendants Woodson and Johnson. In their complaint, Plaintiffs have pleaded diversity of citizenship under 28 U.S.C. § 1332 as a ground for this Court's jurisdiction. Plaintiffs however, have failed to plead the jurisdictional amount. This defect in pleading is fatal to Plaintiffs' assertion of jurisdiction. *See Gray v. Occidental Life Ins. Co. of Cal.,* 387 F.2d 935, 937 (3d Cir.), *cert. den.,* 391 U.S. 926, 88 S.Ct. 1825, 20 L.Ed.2d 665 (1968).

Even if Plaintiffs had pleaded the jurisdictional amount, the court concludes that Plaintiffs' claims, even if technically within the Court's diversity jurisdiction, would fall within the domestic relations exception to diversity jurisdiction. *See Ankenbrandt v. Richards,* 504 U.S. 689, 693–704, 112 S.Ct. 2206, 2209–15, 119 L.Ed.2d 468 (1992). Plaintiffs' contentions of fraud and misrepresentation appear to go solely to the validity of the Circuit Court's judgment in appointing L.V. Woodson guardian and do not constitute separate tort actions against the private Defendants. It is therefore appropriate for the Court to view Plaintiffs' claims as only a challenge to L.V. Woodson's appointment as guardian over Betty Mazur.

While the domestic relations exception has never been explicitly extended to guardianship issues, the Court finds that guardianship of an adult because of mental illness or incapacity is analogous to child custody situations. Child custody cases fall squarely within the ambit of the domestic relations exception. *Id.* at 704, 112 S.Ct. at 2215. The same prudential concerns supporting the domestic relations exception for divorce, alimony, and child custody cases apply equally in guardianship cases. To that end, the Supreme Court has noted:

> As a matter of judicial economy, state courts are more eminently suited to work of this type than are federal courts, which lack the close association with state and local government organizations dedicated to handling issues that arise out of conflicts over divorce, alimony, and child custody decrees. Moreover, as a matter of judicial expertise, it makes far more sense to retain the rule that federal courts lack power to issue these types of decrees because of the special proficiency developed by state tribunals over the past century and a half in handling issues that arise in the granting of such decrees.

*Id.* This statement could easily apply to the guardianship decree in this case. Plaintiffs' state law claims constitute a challenge solely to the regularity of a domestic relations judicial decision. Accordingly, the Court would decline to accept jurisdiction even in the absence of Plaintiffs' technical default in pleading. Diversity of citizenship does not support this Court's jurisdiction in this case.

In the absence of original jurisdiction through diversity, the Court may retain jurisdiction over Plaintiffs' state law claims only through its supplemental jurisdiction. *See* 28 U.S.C. § 1367(a). Under Section 1367(c), the Court may decline to exercise supplemental jurisdiction if one of four situations arise:

(1) if the claim raises a novel or complex issue of State law,

(2) if the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,

(3) if the district court has dismissed all claims over which it has original jurisdiction, or

(4) if in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c). In this case, the Court has dismissed all of the claims over which it has original jurisdiction, that is, the constitutional claims against the Circuit Court. Because Plaintiffs' state law claims so centrally address the wisdom and appropriateness of the Circuit Court's judgment in appointing a guardian for Betty Mazur, this Court believes that resolution of this issue should be made in the courts of the Commonwealth of Virginia. This Court will not extend its supplemental jurisdiction over Plaintiffs' state law claims. Accordingly, Plaintiffs' claims against Defendants Woodson and Johnson are **DISMISSED.**

### III. CONCLUSION

Plaintiffs' suit is **DISMISSED** in its entirety.

The Clerk is **REQUESTED** to send a copy of this Order to Plaintiffs, to Plaintiffs' former New Jersey counsel, and to counsel for Defendants.

**IT IS SO ORDERED.**