## HINES, ADMINISTRATOR OF VETERANS' AFFAIRS, *v.* STEIN, GUARDIAN.

No. 659. Argued April 6, 7, 1936.—Decided April 27, 1936.

Messrs. *James T. Brady* and *Edward E. Odom,* with whom *Messrs. Y. D. Mathes* and *Vincent A. Baldauf* were on the brief, for petitioner.

*Mr. David A. Reed* for respondent.

MR. JUSTICE McREYNOLDS delivered the opinion of the Court.

Respondent, as guardian for her son, an incompetent veteran, applied to the Court of Common Pleas, Allegheny County, Pennsylvania, to whose orders she was subject (50 P. S. § 941 *et seq.*), for permission to pay "out of the funds in her hands the sum of $100.00 to Hallock C. Sherrard, Esq., for his services and expenses and making the trip to Washington, D. C., to represent her in her claim for her said son's estate before said Board of Veterans' Appeals." The Administration had discontinued the veteran's compensation of $100.00 per month, upon the ground that disability existed prior to enlistment. Request for reinstatement was set for hearing before the Board of Veterans' Appeals at Washington, March 28, 1934. Respondent held for the estate $2,000.00, apparently pension money received from the Veterans' Administration. Mr. Sherrard had represented her since appointment and acted upon her request.

Petitioner, Frank T. Hines, appearing by counsel, admitted rendition of the services as stated. Reasonableness of the charge, if not inhibited by law, was not questioned. He denied the guardian's authority to contract for the expenditure and insisted that the application for permission to pay was not according to law. He asked

that the prayer be limited to actual expenses incurred and a fee of $2.00.

The Court of Common Pleas granted the guardian permission to pay as she had prayed; upon the Administrator's appeal, the Superior Court approved; the Supreme Court refused further hearing.

Petitioner submits that Congress, proceeding within its delegated power, directly, or through authorized executive action, has prescribed permissible fees for services such as those rendered by Sherrard, and directed how they may be paid. Also has inhibited payment of other or different sum in any manner.

We need not consider the extent of Congressional power in this regard, since we are of opinion that, properly construed, the provisions relied upon do not apply where payments like the one here involved are directed by a state court having jurisdiction over the guardian of an incompetent veteran.

The petition for certiorari asserts that the objections to respondent's application to the Court of Common Pleas were based upon the President's Order of March 31, 1933 (Veterans' Regulation No. 10), permitted by §§ 4 and 7 of the Act of March 20, 1933, c. 3, 48 Stat. 9; "Instructions" promulgated by the Administrator under authority of that Order; and §§ 111, 114 and 115, Title 38, U. S. C.

It is true that the provisions cited place general restrictions upon the fees of attorneys in connection with pension matters and prescribe the method of payment. But we find nothing in any of these Acts of Congress which definitely undertakes to put limitation upon state courts in respect of guardians or to permit any executive officer, by rule or otherwise, to disregard and set at naught orders by courts to guardians appointed by them. Conflict in respect of such matters between state courts and the federal government, its officers or bureaus would be un-

seemly, perhaps extremely unfortunate. And in the absence of compelling language, we cannot conclude that there was intention to create a situation where this probably would occur.

During many years, Congress has recognized the propriety, if not the necessity, of entrusting the custody and management of funds belonging to incompetent pensioners to fiduciaries appointed by state courts, without seeking to limit judicial power in respect of them. To the contrary, it has directed that whenever any guardian, curator, or conservator fails properly to execute his trust, etc., the Administrator may "appear in the court which has appointed . . . and make proper presentation of such matters." C. 723, § 2, 44 Stat. 792; c. 510, § 2, 49 Stat. 607; 38 U. S. C., § 450. Authority of the state courts over guardians for incompetents is thus definitely recognized. The Administrator is expressly empowered to suspend further payments if the guardian is found to be acting improperly; so much is possible without conflict.

Nothing brought to our attention would justify the view that Congress intended to deprive state courts of their usual authority over fiduciaries, or to sanction the promulgation of rules to that end by executive officers or bureaus.

The broad purpose of regulations in respect of fees of those concerned with pension matters is to protect the United States and beneficiaries against extortion, imposition or fraud. *Calhoun* v. *Massie,* 253 U. S. 170, 173. Dangers of this character are not to be expected in connection with the orderly exercise of authority by state courts over appointees properly entrusted with pension funds. The purpose in view is for consideration when the true meaning of statute or rule is sought.

The challenged decree must be

*Affirmed.*