## Skumin v. Skumin et al.

*Martin McGuire*, for plaintiff.
*B. V. O'Hare*, for defendants.

HOUCK, P. J., May 8, 1939.—This is a suit in trespass to recover $500, money of plaintiff alleged to have been appropriated by Anthony Skumin, defendant, his brother. Anthony Skumin is a feeble-minded veteran under guardianship. The trial resulted in a verdict for plaintiff for $587.50. A motion for a new trial was made but withdrawn and, thereupon, on March 6, 1939, plaintiff took a rule on defendants to show cause why the verdict and costs should not be paid. The guardian answered that the funds in its hands consist of compensation and insurance received from the Veterans Administration of the United States Government and are exempt from the claims of creditors under the Act of August 12, 1935, 49 Stat. at L. 607, sec. 3, 38 U. S. C. §454a. The matter was argued on petition and answer.

We do not think the verdict can be collected in this fashion. The Federal statute provides: "Payments of benefits due or to become due shall not be assignable, and such payments made to, or on account of, a beneficiary under any of the laws relating to veterans shall be exempt from taxation, shall be exempt from the claims of creditors, and shall not be liable to attachment, levy, or seizure by or under any legal or equitable process whatever, either before or after receipt by the beneficiary." Proceeding in this trespass suit by rule to show cause why the verdict should not be paid is but another method of attaching the funds, and this is prohibited by the statute. It does not follow, however, that plaintiff is without remedy.

It cannot be denied that the control of the estate is within the province of the court of common pleas. As said in Hines, Admr., v. Stein, etc., 298 U. S. 94, 98:

"During many years, Congress has recognized the propriety, if not the necessity, of entrusting the custody and management of funds belonging to incompetent pensioners to fiduciaries appointed by state courts, without seeking to limit judicial power in respect of them."

Of course, Congress may specifically limit judicial power and, where such is the case, the limitation is effective: Hines, Admr., v. Lowrey, etc., 305 U. S. 85, 83 L. ed. 62. Nothing in the act referred to limits judicial power in respect to the fund here in question. However, any payments from the fund must be sanctioned by the court. The court in its discretion may say whether the payment is to be made or not, depending upon the circumstances: See Sweeney Estate, 5 Schuyl. Reg. 200.

The proper proceeding to obtain disposition of this matter is a rule on the guardian to the caption and term of the trust estate, and not a rule in the trespass action. The record in the trespass action should be offered in evidence so that the court may determine independently whether the verdict should be paid. Furthermore, the amount of money in the hands of the guardian should be

shown in order that the court may determine whether the verdict may be paid without injury to the ward.

For the reasons stated, the rule must be discharged. It will be discharged without prejudice to plaintiff's right to proceed as outlined in this opinion.

And now, May 8, 1939, the rule is discharged without prejudice to plaintiff's right to proceed in the manner outlined in this opinion.