In the Matter of the Accounting of ARTHUR FISHER, as Committee of HARRY P. FISHER, an Incompetent Person.
FRANK T. HINES, as Administrator of Veterans' Affairs, Appellant; STEPHEN FRONTERA et al., Respondents.

Second Department, May 28, 1945.

*Frank Klipper* and *James A. Clark* for appellant.

*Joseph Lonardo* and *Stephen Frontera* for respondents.

HAGARTY, J. An order settling the account of Arthur Fisher as committee of Harry P. Fisher, an incompetent veteran, directed that an adjusted service certificate of the incompetent be converted into cash. The certificate had been lost and, in order to comply with this direction, the attorney for the committee procured the issuance of a duplicate and converted it into cash. For his incidental services, the attorney has been allowed the sum of $50 from the estate of the incompetent.

I am of opinion that the allowance is violative of section 619 of title 38 of the United States Code and must be struck out. The

section prohibits the payment to any person of any fee or other compensation for assisting in any manner a veteran in obtaining any of the benefits or privileges " to which he is entitled under the provisions of this chapter, * * *." Chapter 11 of said title 38, relating to the subject of adjusted compensation, of which section 619 is a part, provides for payment of adjusted service as evidenced by certificate and for the procurement of a duplicate certificate. The services of the attorney, therefore, are clearly within the comprehension of the prohibition and are to be distinguished from services rendered by an attorney to a committee of an incompetent, veteran or non-veteran, in presentation of his account. An accounting is not a benefit or privilege conferred on a veteran by chapter 11 of said title 38.

Any statements in the opinion by Mr. Justice McREYNOLDS in *Hines* v. *Stein* (298 U. S. 94) which might be considered as a basis for granting the present allowance must be deemed overruled by the holding in *Hines* v. *Lowrey* (305 U. S. 85).

It follows that Congress intended, insofar as legal services are necessarily rendered in effectuating such benefits or privileges, that the Veterans Administration itself be charged with performance.

The order should be modified on the law by striking therefrom the allowance of $50 to the attorney for the committee and as so modified, insofar as appealed from, should be affirmed, without costs.

CLOSE, P. J., JOHNSTON, LEWIS and ALDRICH, JJ., concur.

Order modified on the law by striking therefrom the allowance of $50 to the attorney for the committee. As so modified, the order insofar as appealed from is affirmed, without costs.