PORTER, Adm'r, OPA, v. NOWAK et al.

No. 4182.

Circuit Court of Appeals, First Circuit.

Oct. 31, 1946.

David London, Director, Litigation Div., OPA, Washington, D. C. (George Moncharsh, Albert M. Dreyer, Nathan Siegel, all of Washington, D. C., and William B. Sleigh, Jr., Regional Litigation Atty., of Boston, Mass., on the brief), for appellant.

Arthur T. Garvey, of Springfield, Mass., for appellees.

Before MAHONEY, GOODRICH (by special assignment), and WOODBURY, Circuit Judges.

WOODBURY, Circuit Judge.

This is an appeal by the Administrator of the Office of Price Administration from a judgment entered in his favor by the court below in an action for a preliminary and permanent injunction and for treble damages under § 205 (a) and (e) of the Emergency Price Control Act of 1942, as amended, 50 U.S.C.A.Appendix, § 901 et seq. For present purposes the facts can be skeletonized.

Maximum Price Regulation 540, as amended, establishes the maximum prices for which used passenger automobiles may be sold. As it stood at the time of the transactions to be described it required that persons who were not "dealers", as it defined that term, might sell automobiles only in "as is" condition and then only at, or less than, a "base price" which it provided means for determining for every make and type of car. Then it provided that persons who qualified as "dealers" could sell either in "as is" condition, as above, or else with a written warranty in specified terms to the effect that the vehicle sold was in good operating condition and would remain so under normal use for 30 days after delivery or for 1,000 miles of operation, whichever might first occur, in which event the dealer might increase the "base price" by 25% or by $100 if that was higher.

The undisputed facts are that the defendants below, the appellees here, were "dealers" as that term was defined in the Regulation, and that they sold three used passenger automobiles pursuant to written contracts at prices in excess of the "base price" giving therewith an oral warranty in the precise terms required by the Regulation but not putting that warranty in writing as the Regulation required. In two of the above instances repairs were needed to keep the cars in good operating condition during the period of the warranty, and in each of these instances the defendants made the required repairs in exact conformity with their oral warranty. In the third instance no repairs were required, but the court found that if required they would have been made. In two instances the sales were at or below the maximum price al-lowable for the car if sold with the written warranty; in the third the sale was at a price in excess of that permitted even if the warranty given had been put in writing. The court below enjoined the defendants from further violations of the Act, but gave the Administrator a judgment only in the amount of three times the difference between the price for which this latter car was sold and the price allowable for it had it been sold with a written warranty, and he thereupon took this appeal to us.

The District Court took the position that although the oral warranties given contemporaneously with the sales were not enforceable because they could not be proved under the parol evidence rule, nevertheless the purchasers actually received the equivalent of the written warranties required by the Regulation because the oral ones given were in equally broad terms and the defendants not only stood ready to honor them but in fact did so in two instances. Then from this the Court concluded that the Regulation was satisfied for the reason that it, like a statute, is to be interpreted in the light of its policy, and its policy is not to impose damages for technical violations. We are unable to agree.

The rule is firmly established by many cases that "Resort to the policy of a law may be had to ameliorate its seeming harshness or to qualify its apparent absolutes." Markham v. Cabell, 326 U.S. 404, 409, 66 S.Ct. 193, 195. And we freely concede both its merit and its applicability to regulations as well as to statutes. But in applying the rule courts are required to approach so close to the boundary between judicial and legislative powers that "great caution and circumspection" are called for "in order to avoid usurpation of the latter." Crooks v. Harrelson, 282 U.S. 55, 60, 51 S.Ct. 49, 50, 75 L.Ed. 156. Thus "No mere omission, no mere failure to provide for contingencies, which it may seem wise to have specifically provided for, justify any judicial addition to the language of the statute," (United States v. Goldenberg, 168 U.S. 95, 103, 18 S.Ct. 3, 4, 42 L.Ed. 394) but the rule may be resorted to only when

the literal language of a statute leads to "injustice, oppression, or an absurd consequence," it being "presumed that the legislature intended exceptions to its language, which would avoid results of this character." United States v. Kirby, 7 Wall 482, 486, 487, 74 U.S. 482, 486, 487, 19 L.Ed. 278. See also Oates v. National Bank, 100 U.S. 239, 244, 25 L.Ed. 580; Church of the Holy Trinity v. United States, 143 U.S. 457, 459–462, 12 S.Ct. 511, 36 L.Ed. 226 and cases cited. In fact it is said in Crooks v. Harrelson, supra, that to justify a departure from the letter of a statute because of its spirit and policy, the absurdity following from the literal application of its words must not only "be so gross as to shock the general moral or common sense", but also "there must be something to make plain the intent of Congress that the letter of the statute is not to prevail."

We need not go to the lengths apparently justified by this latter case to hold the rule relied upon below inapplicable to the situation here presented. The reason for this is that we do not consider the requirement of the Regulation that a warranty be put in writing violative of common sense, absurd, or unduly harsh or unjust in its consequences. Indeed on the contrary we find good reason for it. In the first place the requirement that the warranty be reduced to writing is supported by the same policy that supports statutes of fraud and perjury; in the second place, as the case at bar illustrates, an oral warranty will not be enforceable in many cases in which a written one would be, and there is, of course, a substantial difference between an obligation supported by a legal sanction and one supported only by a moral one, even when in individual situations the moral sanction proves adequate; and in the third place administrative necessity requires that warranties be reduced to writing since otherwise there would be no practical way to discover whether a warranty had been given or not and hence no way to enforce the regulation.

The judgment of the District Court is set aside and the case is remanded to that court for further proceedings not inconsistent with this opinion.