## MITCHELL v. WESTOVER.
### Civ. A. No. 10173.

United States District Court
S. D. California, Central Division.
April 26, 1950.

Bert A. Lewis, Gibson, Dunn & Crutcher, Los Angeles, Cal., for plaintiff.

E. H. Mitchell, Edward R. McHale, Asst. U. S. Attys., Los Angeles, Cal., for defendant.

MATHES, District Judge.

Plaintiff administrator seeks recovery from the Collector on two claims for refund with interest of alleged estate-tax overpayment. Int.Rev.Code, §§ 3771, 3772, 26 U.S.C.A. §§ 3771, 3772. Both parties have filed motions for summary judgment. Federal Rules of Civil Procedure, rule 56 (a, b), 28 U.S.C.A. The material facts as disclosed by the pleadings and pre-trial stipulations are not in dispute.

On October 3, 1947, plaintiff filed his estate tax return and paid the amount shown to be due. Credit was not claimed in the return for amounts previously remitted to the Collector for release of estate-tax liens upon two parcels of the decedent's real property.

Prior to filing the return, plaintiff had sought release of the liens in order to consummate a sale. The Commissioner agreed to release "upon the deposit with * * * [the Collector] of the net proceeds realized from the sale of the property." In August 1947, plaintiff remitted such proceeds, $15,-417.50, to the Collector and certificates were issued releasing the liens.

The Collector entered the amounts so remitted in the "Unclassified Miscellaneous Estate Section" account, there being no returned or assessed estate-tax account against which the remittances could be credited. Had these remittances been claimed as credits in the return subsequently filed, the Collector would have applied the amounts thereof toward payment of the estate-tax liability shown on the return.

Failure so to claim credit for the remittances was first noticed by plaintiff in February, 1948, and a claim for refund plus interest was immediately filed. Plaintiff later filed a further claim for refund alleging that the estate tax shown due on the return as filed was "excessive to the extent of $4,666.13."

Since the commencement of this action, the claim for $4,666.13 overpayment on the return has been paid with interest, and the $15,417.50 principal sum of the remittances advanced to release the liens has been refunded. Only the question of liability for interest on the remittances made to release the liens is left for decision.

█ The facts plainly show that the Collector acted merely "in the fulfillment of a ministerial duty", hence officially. Int. Rev.Code, §§ 3950, 3962(a), 26 U.S.C.A. §§ 3950, 3962(a). Accordingly he is subject to no greater liability than if the Government itself were defendant. Moore Ice Cream Co. v. Rose, 1933, 289 U.S. 373, 381-383, 53 S.Ct. 620, 623, 77 L.Ed. 1265; City of Philadelphia v. Diehl, Collector, 1866, 5 Wall. 720, 72 U.S. 720, 731, 18 L.Ed. 614; cf. United States v. Sherman, 1878, 98 U. S. 565, 568, 25 L.Ed. 235; see, also Plumb, Tax Refund Suits against Collectors, 60 Harv.L.Rev. 685 (1947).

█ A federal taxpayer is entitled to interest upon "overpayment in respect of any internal revenue tax." Int.Rev.Code, § 3771(a), 26 U.S.C.A. § 3771(a). To constitute an "overpayment" the remittance from a taxpayer must be made against tax which has been either returned or assessed; i. e., an amount of tax which is shown payable on the face of the return, or an amount of tax which has been assessed. See Rosenman v. United States, 1945, 323 U.S. 658, 662, 65 S.Ct. 536, 89 L.Ed. 535; Busser v. United States, 3 Cir., 1942, 130 F.2d 537; Chicago Title & Trust Co. v. United States, D.C.N.D.Ill. 1941, 45 F. Supp. 323; Murphy v. United States, D.C. S.D.Cal. 1948, 78 F.Supp. 236.

As stated before, the claimed overpayments in the case at bar were remitted to release tax liens upon two parcels of real property. The Commissioner is authorized to require, as a prerequisite to issuance of

certificates releasing the lien upon a particular item of property, "a partial payment of tax or the furnishing of an indemnity bond with such surety or sureties as he deems necessary * * * [or] the bond may be secured by the deposit of bonds or notes of the United States * * *." U.S.Treas.Reg. 105, § 81.86 (1942), 26 Code Fed.Regs. § 81.86 (Cum.Supp.1943).

Plaintiff contends that since the remittances in question were not "an indemnity bond" they constituted, as a matter of law, a "partial payment of tax" and became an "overpayment" when the amount of tax shown due on the face of the return was later paid.

■ Int.Rev.Code, § 827(a), 26 U.S.C.A. § 827(a), provides that "* * * If the Commissioner is satisfied that the tax liability of an estate has been * * * provided for, he may, under regulations prescribed by him * * * issue his certificate, releasing any or all property of such estate from the lien * * * imposed." Since the purpose of the regulation is to provide for tax liability after release of the statutory security for tax payment, the regulation must be construed to permit a cash deposit or remittance to serve as a "cash bond"—the equivalent of "an indemnity bond * * * secured by * * * notes of the United States." See Hines v. Stein, 1936, 298 U.S. 94, 98, 56 S.Ct. 699, 80 L.Ed. 1063; Porter v. Nowak, 1 Cir., 1946, 157 F.2d 824, 825.

■ The remittances to release the liens, having been made prior to filing of a return by the taxpayer or assessment by the Commissioner, could only serve as a cash indemnity bond, and not as a payment of tax. The remittances did not therefore constitute an "overpayment" of tax for which interest is allowable. Int.Rev.Code, § 3771(a), 26 U.S.C.A. § 3771(a).

Accordingly plaintiff's motion for summary judgment is denied, and defendant's motion is granted. Counsel for defendant will submit findings of fact, Fed. R.Civ.P. 52(a), conclusions of law and judgment pursuant to local rule 7 within ten days.