**William J. POWERS, Jr., Plaintiff-Appellant,**

v.

**Paul SLATON, Defendant-Appellee.**

**No. 14972.**

United States Court of Appeals
Sixth Circuit.

March 13, 1963.

William J. Powers, Jr., in pro. per.

William L. Wallace, Lexington, Ky. (Scott Reed, Lexington, Ky., on brief), for appellee.

Before CECIL, Chief Judge, and BOYD and THORNTON, District Judges.

PER CURIAM.

This is an appeal from an order of the District Court granting defendant's motion to dismiss plaintiff's action for a declaratory judgment which the District Court treated as a motion for a summary judgment pursuant to Rule 12(b), Fed.R.Civ.P. and disposed of as provided in Rule 56, Fed.R.Civ.P. Plaintiff appeared pro se in both the court below and here. He complains that a judgment of the Fayette Circuit Court of Fayette County, Kentucky entered by that court on June 9, 1947 declaring him to be of unsound mind was null and void. He contends that defendant Paul Slaton has never had any lawful authority to act as Committee for him. He asks that defendant Paul Slaton be ordered to cease and desist from holding himself out as the lawfully appointed Committee of plaintiff. He further asks the Court to order defendant to account to the lower court and plaintiff for all moneys received from the Treasurer of the United States in the name of plaintiff, and to surrender to plaintiff all such moneys to which the latter may be lawfully entitled (plus interest) as may reasonably be expected to have accrued from the possession of such moneys.

From the record on appeal we furnish the following facts which will provide the necessary background for making a determination of the matter here for review. They are as follows: On May 17, 1947 the petition of Dr. L. H. Mulligan was filed in the Fayette Circuit Court for the Commonwealth of Kentucky asserting that petitioner had information that William J. Powers, Jr. was a person of unsound mind, and asking that an inquest be held to pass upon the subject matter of the petition. After appointing counsel to represent Powers and two medical examiners to examine him, the Court submitted the medical findings of the examiners to a jury on the 9th day of June 1947. The jury returned a verdict that William J. Powers, Jr. was a person of unsound mind, whereupon the Court adopted the verdict of the jury and committed Powers to the United States Veterans Administration Hospital at Lexington, Kentucky. Subsequent to this finding and commitment, Marian R. Powers, as the wife of William J. Powers, Jr. filed a petition with the Fayette County Court for her appointment as his Committee, and on July 26, 1947 an order was entered appointing Powers' wife as his Committee. She continued in this capacity until August 24, 1949 when she tendered her resignation as Committee for her husband, filed her final accounting, and petitioned for the appointment of a successor Committee. The Court,

acting upon this petition, entered the following order:

"IT IS ORDERED AND ADJUDGED that the Citizens Bank and Trust Company, Lexington, Kentucky, be and it is hereby appointed as Committee for William J. Powers, Jr., and that the bond of said Committee be fixed in the amount of Three Thousand Dollars ($3000.00).

"THEREUPON appeared the Citizens Bank and Trust Company, by said Trust Officer, Paul Slaton, and executed bond in the penal sum of THREE THOUSAND DOLLARS ($3000.00) with its capital stock as surety which bond was examined and approved by the Court and the Committee having taken the oath as required under law is now empowered to perform all duties and acts as committee for William J. Powers, Jr."

From the foregoing order it is apparent that defendant Paul Slaton appeared in the proceedings for the express purpose of performing a ministerial act for his employer, the Citizens Bank and Trust Company, in relation to the appointment of the Citizens Bank and Trust Company as Committee for plaintiff. The court proceedings enumerated above clearly reflect that the defendant Paul Slaton was not personally involved in any manner with the affairs of this plaintiff— he did not petition the court for appointment; he was not designated by the court to act in any capacity; he did not hold himself out as Committee for plaintiff nor perform any other act (including the receipt of any moneys) that might render him liable to plaintiff based upon any representation by him as Committee for plaintiff. Since plaintiff's complaints regarding Slaton are without substance, it is evident that his pleadings and the exhibits attached thereto do not constitute a claim upon which relief can be granted. The granting of defendant's motion for a summary judgment was a proper determination by the District Court.

Appellant presents additional questions for review by this court involving the validity of the State Court proceedings. The courts of the Commonwealth of Kentucky afford adequate remedies to a party seeking a determination as to the validity of State Court proceedings.

The order of the District Court granting the motion for summary judgment is affirmed.