William J. POWERS, Jr., Plaintiff,

v.

CITIZENS UNION NATIONAL BANK AND TRUST COMPANY, Individually and as Committee, etc., et al., Defendants.

No. 1479.

United States District Court
E. D. Kentucky,
Lexington.

Sept. 25, 1963.

William J. Powers, Jr., pro se.

William L. Wallace, Scott Reed, Lexington, Ky., for defendants.

HIRAM CHURCH FORD, Senior District Judge.

The complaint in this case rests the claim of plaintiff, William J. Powers, Jr., for damages against the Directors and a Trust Officer of the defendant, Citizens Union National Bank and Trust Company, on the ground that they failed to exercise due care to ascertain that at the time of the appointment of the defendant bank as Committee for the plaintiff on August 24, 1949, he was a citizen of the State of Illinois and had his legal domicile in that state; and rests a claim for damages against the defendant, Citizens Union National Bank and Trust Company, on the same ground; and on the further ground that the order appointing the bank as Committee was void because of lack of due process of law contrary to the Fourteenth Amendment of the Constitution of the United States, in that the plaintiff has never appeared in that court nor consented to any exercise of jurisdiction over his person or property by that court, claiming therefore he is entitled to recover funds held by the bank as such Committee..

618

The defendants made a motion to dismiss the complaint for failure to state a claim against either the directors of the bank, against the bank or its Trust Officer upon which relief can be granted. It being made to appear in the record that matters outside the pleading were presented to and not excluded by the court, an order was entered providing that the motion be treated as one for summary judgment and disposed of as provided in Rule 56. Rule 12(b) Federal Rules of Civil Procedure.

In Hines v. Stein, 298 U.S. 94, 98, 56 S.Ct. 699, 701, 80 L.Ed. 1063, it is said:

"During many years, Congress has recognized the propriety, if not the necessity, of entrusting the custody and management of funds belonging to incompetent pensioners to fiduciaries appointed by state courts, without seeking to limit judicial power in respect to them."

Nothing brought to the attention of the Court would justify the view that Congress intended to deprive State Courts of such jurisdiction.

The proceedings taken and orders entered herein were pursuant to Statutes of Kentucky, the material portions of which are set out in the margin.[1]

In Chaloner v. Sherman, 242 U.S. 455, 37 S.Ct. 136, 61 L.Ed. 427, the plaintiff sought damages from his Committee for

1. KENTUCKY REVISED STATUTES.

"§ 202.020. *Inquest; jurisdiction; fee of county court.*

"The circuit courts shall have exclusive jurisdiction of all inquests concerning the commitment or determination of competency of persons alleged to be mentally ill or mentally defective, except that when no circuit court is in session in the county, such inquests may be held by a circuit judge or by the county court, provided, that all inquests upon persons convicted of a crime shall be held only at regular term of the circuit court. When the inquest is held by the county court a fee of three dollars shall be allowed the court for holding said inquest and this fee shall be paid by the county, upon a 'certified copy of an order of allowance made by the court holding the inquest."

"§ 202.030. *Inquest, how instituted; previously admitted persons; restrictions.*

"(1) Any reputable resident of the county having knowledge of a person in the county not serving a sentence in the penitentiary or reformatory, who appears to be either mentally ill or mentally defective may file a petition with the circuit clerk for a determination of the mental condition of such person setting forth facts verified by affidavit. The affidavit may be upon information and belief.

"(2) Proceedings for the commitment of a person who has been voluntarily admitted to a state mental hospital, who has been admitted on the request of a health officer, who has been returned to a hospital from another state, or who has been admitted on the application of his spouse, guardian, parent or friends may be initiated by the filing in the proper court of the county in which the hospital is located a certificate of two hospital staff physicians stating that the person is mentally ill or mentally defective and recommending that he be committed. The court shall forthwith hear the case as provided in KRS 202.140.

"(3) No mentally ill person or mentally defective person shall be committed to a state mental hospital or an institution for mental defectives unless he has been adjudged to be either mentally ill or mentally defective."

"§ 202.040. *Contents of petition in proceeding initiated by petition.*

"(1) In proceedings initiated by petition, the petition may request:

"(a) That the defendant be sent to a hospital for observation, care and treatment of his condition; or

"(b) That he be adjudged incompetent; or

"(c) Both.

"(2) The petition shall set forth:

"(a) The name and residence of the person concerning whom the petition is filed;

"(b) The name and residence of the parents, if living, and if known to the petitioner, or of his legal guardian, if any, and if known to the petitioner;

"(c) The name and residence of the husband or wife, if any, and if known to the petitioner;

"(d) 1. The name and residence of the person having custody of such person, or if no such person is known,

"2. The name and residence of some near relative, or that such person is unknown;

"(e) Such other information as may be prescribed by the commissioner."

"§ 202.060. *Notice of inquest;* * * *

"(1) The defendant, if of legal age, shall be notified of the proceedings by a

withholding securities and moneys belonging to him, by virtue of two orders of the Supreme Court of New York appointing the defendant as committee of the person and estate of the plaintiff, an incompetent to manage himself or his

summons issued requiring the person having custody or residing with the defendant to appear with the defendant at a time and place stated in the summons, not less than three days after service. All other persons named in the petition shall also be notified of the proceedings. * * * "

"§ 202.070. *When inquest to be held.*

"On the return of the summons or other process, or on the appearance of the defendant, with or without summons or other process in person before the court, together with the return of the service of notice, if there be any person notified, or upon the personal appearance or written consent to the proceedings of any persons notified, or as soon thereafter as practicable, the court shall proceed to hear and dispose of the case."

"§ 202.100 *Examining physician,* * * *

"(1) When the petition mentioned in KRS 202.040 has been properly filed with the clerk of the court, the court shall appoint two physicians to examine the defendant and to certify to the court as to whether they find the defendant to require further observation or study in a mental hospital, but if the petition mentioned in KRS 202.040 is for the inquest of one alleged to be mentally defective, the court shall appoint two physicians or one physician and one certified clinical psychologist licensed under the provisions of KRS Chapter 319 to examine the defendant and to certify to the court as to whether they find the defendant to need further study in an institution. * * * "

"§ 202.130. *Presence of defendant; exception.*

"No inquest shall be held unless the defendant is in court, except when it appears from the oath or affidavit of two regular practicing physicians that they have examined him and that they believe that his condition is such that it will be unsafe or unwise to bring him into court, or except upon the presentation of an affidavit from two staff physicians of the institution to which the defendant has been admitted under KRS 202.120, 203.-020, 203.030, or 203.040 that the defendant is mentally ill or mentally defective."

"§ 202.140. *Defendant's right to jury; oath; instructions to jury; evidence.*

"(1) (a) If the petition has requested that the defendant be adjudged incompetent, the court shall impanel a jury.

"(b) If the petition has requested only that the defendant be sent for observation, and if two hospital staff physicians have certified him to be mentally ill or mentally defective and recommended his commitment, or if the proceeding has been initiated by certificate of staff physicians:

"1. The court shall impanel a jury if the defendant requests, but otherwise,

"2. The court shall hold the inquest without a jury in chambers.

"(2) (a) In an incompetency proceedings the following oath shall be administered to the jury: 'You do swear that you will well and truly inquire and from the evidence say in your verdict whether the person whom you have in charge is incompetent to manage his affairs, and if so, whether he is mentally ill or mentally defective; whether he is in need of care; that you will also determine his place of birth and residence, and whether he has been brought into this state by any person, and by whom, for the purpose of becoming a charge of the Commonwealth. You will find what estate, and the value thereof, he owns in possession, reversion or remainder; whether his parents are alive, where they reside, and whether they have estate sufficient to support him, and if married, where his or her spouse resides, and whether such spouse has an estate sufficient to support him.' * * *

"(b) In a commitment proceeding when a jury is used the jury shall be sworn to find whether or not the defendant is mentally ill or mentally defective.

"(c) The court shall instruct the jury upon the whole case.

"(3) In any case the court may in its discretion require other evidence in addition to the petition and the certificate of the hospital staff, and may require the attendance at the hearing of the certifying staff members and any other witnesses. The defendant or anyone representing him may summon witnesses and present evidence as in other cases."

"§ 202.290. *Inquiry as to restoration; judgment.*

"(1) Whenever it appears from a certificate filed with the court in which a person has been adjudged to be incompetent that such person has been restored to his proper senses the court shall within ten days inquire into the facts either by a jury in open court or at its discretion in chambers and shall make all necessary orders in the premises.

"(2) If the court finds such person to be a well person, it shall enter an order and judgment restoring the person

affairs, and the Court, after pointing out that the plaintiff in that case was a citizen and resident of Virginia and the defendant a citizen and resident of New York, said:

"* * * The complaint alleged also that the orders of the Supreme

Court of New York upon which defendant relies are void as having been entered without due process of law in violation of the Federal Constitution. The contention was insisted upon in both the lower courts. This court has, therefore, jurisdiction to review the whole case."

and giving him all the rights and privileges of a well person."

"§ 387.210. *Jurisdiction of county courts over persons of unsound mind and their committees; bond of committee.*

"(1) The county courts shall have exclusive jurisdiction of the appointment and accounting of committees. Application shall be filed and notice given in the same manner required for guardians. There shall be filed with said application a statement from the clerk of the circuit court that the incompetent has been adjudged as such. Appointment shall be made, bond executed, and accounting required in the same manner as guardians and actions upon such bond may be maintained by any person aggrieved by a breach thereof.

"(2) An appeal may be taken to the circuit court from the judgment of a county court appointing or removing, or failing to appoint or remove, a committee by any person interested in the person or estate of the person of unsound mind, who shall execute a bond for costs as in other appeal cases."

"§ 387.281. *Jurisdiction to appoint special committee to receive funds from governmental agency for support of indigents.* The circuit and county courts shall have jurisdiction within their respective counties, without impanelling a jury, to appoint a special committee to receive funds from any state, federal, city or county agency, which disburses funds for the maintenance and support of indigent persons, for any person who is a resident of their respective counties, or for any person who is confined in any of the charitable institutions in their respective counties, except that no such special committee shall be appointed under this section to receive funds disbursed by the Commonwealth through the Division of Public Assistance or by the United States through the Veterans Administration, or the successors of those agencies."

"§ 387.282. *Petition for appointment of special committee.* Such appointment shall be made only after a verified statement has been filed by a reputable citizen of the county, showing that the person is of unsound mind or by reason of

alcoholism, drug addiction or from any other cause is so imbecile or of such unsound mind as to render him incompetent to receive, manage and disburse for his maintenance and support, funds which may be allotted to him by the state, Federal, city or county agency. The petition must be supported by the affidavit of some regular practicing physician showing that said person is incompetent as alleged therein."

KENTUCKY UNIFORM VETERANS'
GUARDIANSHIP ACT
K.R.S. chapter 388

"§ 388.210. *When appointment of guardian or committee to be made under this chapter.* Whenever, pursuant to any law of the United States or regulation of the Veterans Administration, it is necessary, prior to payment of benefits, that a guardian or committee be appointed for a minor or mentally incompetent beneficiary of the Veterans Administration, such appointment shall be made in the manner hereinafter provided."

"§ 388.250. *Certificate of Administrator is prima facie evidence of necessity for committee; guardian ad litem.* Notwithstanding the provisions of existing law for adjudication of incompetency and appointment of a committee upon the inquest of a jury, where a petition is filed for the appointment of a committee for a mentally incompetent beneficiary of the Veterans Administration under the provisions of this chapter, who is found within this state, whether or not a resident thereof, a certificate of the Administrator of Veterans Affairs or his duly authorized representative, accompanying such petition, setting forth the fact that such beneficiary has been rated incompetent by the Veterans Administration on examination in accordance with the laws and regulations governing such Veterans Administration, and that the appointment of a committee is a condition precedent to the payment of any moneys due such beneficiary by the Veterans Administration, shall be prima facie evidence of the necessity for such appointment. Provided, however, that some member of the Bar shall be appointed by the court to represent and protect the interests and rights of such incompetent beneficiary as

In reviewing the records of the Circuit Court and County Court of Fayette County, Kentucky, I find the facts to be as follows:

An affidavit bearing date May 15, 1947, was filed in the Fayette Circuit Court by Dr. C. E. Schwartz, Ward Physician, and Dr. S. R. Baker, Clinical Director of the Veterans Administration Hospital at Lexington, Kentucky, stating that

"* * * William J. Powers has been a patient at the Veterans Administration Hospital, Lexington Kentucky, since May 4, 1947. At the present time he is considered psychotic (insane), which renders him incompetent to manage his own affairs, and requires supervision and control for his own welfare.

"This statement is based on our knowledge of the condition of William J. Powers as a result of our examination and observation of him during the time he has been a patient at this hospital.

"This certificate is made as a matter of providing the court of jurisdiction with information regarding his incompetency in order that his need for commitment and the appointment of a committee may be properly inquired into.

"Because of the mental and physical condition of William J. Powers it is not believed that it would be advisable for him to appear in court at this time."

This was followed by a petition dated May 17, 1947, of Dr. L. H. Mulligan filed in the Fayette Circuit Court asserting that petitioner had information that William J. Powers, Jr., was a person of unsound mind, and asking that an inquest be held to pass upon the subject matter of the petition. (KRS § 202.020, § 202.030). On the same date, the Court appointed Dr. L. H. Mulligan and Dr. T. H. Shannon, physicians, to examine Powers and to certify to the Court their findings in the case. (KRS § 202.100).

On June 5, 1947, a summons was duly issued by the Clerk of the Circuit Court commanding that William J. Powers, Jr., answer the petition filed against him in the Fayette Circuit Court for the purpose of inquiring into the question as to whether he is a person of sound or unsound mind and gave notice to him that

provided under existing law, and further that the right of any such incompetent beneficiary or any person interested in such beneficiary to demand a trial by jury shall not be denied."

"§ 388.260. *Notice of petition for appointment of guardian or committee.* Upon the filing of a petition for the appointment of a guardian or committee under the provisions of this chapter notice shall be given in like manner as is provided under existing law."

"§ 388.340. *Termination of guardianship.* Upon filing a petition, or certificate, showing that a minor ward has attained majority, or that an incompetent ward has been rated competent upon examination in accordance with the law, the court may order the guardian or committee to file a final account; and, upon hearing, after notice to the former minor or incompetent and to the Veterans Administration in the manner and within the time provided by KRS 388.280, and upon approval of the final account, the court may so adjudge, and discharge the guardian or committee and release the sureties from liability upon delivery to the former ward of the assets due him by the former guardian or committee, and may make such further order as may be lawful."

"§ 388.380. *Application of other laws.* All laws or parts of laws relating to beneficiaries of the Veterans Administration inconsistent with this chapter are hereby repealed. Except where inconsistent with this chapter, the general guardianship laws of this state and the laws establishing the practice in such matters, including rights of appeal, shall be applicable to such beneficiaries and their estates."

"§ 388.390. *Chapter governs estates of beneficiaries of Veterans Administration.* The provisions of this chapter relating to surety bonds and the administration of estates of Veterans Administration beneficiaries under guardianship shall apply to all such estates heretofore or hereafter created under the general laws of this state to the extent that such estates have assets derived from benefits paid by the Veterans Administration or receive such benefits in the future."

the said hearing is set for 10 A.M., on the 9th day of June 1947; and also commanded that F. M. Cook, M.D., Manager of U.S. Veterans Administration Hospital, "the person having custody of said defendant or residing with said defendant" and notified him to appear with the defendant at the time and place stated in the summons. This summons was duly returned bearing the following endorsement on the back thereof, and signed Ernest Thompson, Sheriff of Fayette County, by O. S. Mauser, Deputy Sheriff:

"Executed June 6, 1947, the within summons on William J. Powers, confined in the U. S. Veterans Hospital, by delivering a true copy thereof to the said William J. Powers and also on June 6, 1947 by delivering to Dr. F. M. Cook, manager of the U. S. Veterans Hospital, and the person having charge of the said William J. Powers, a true copy of the within summons." (KRS § 202.060).

On June 9, 1947, the report of Dr. L. H. Mulligan and Dr. T. H. Shannon was filed stating as follows:

"We, the undersigned, have examined the said defendant within the three days just prior to the date of this certificate; that in our judgment he is an insane person, and requires supervision and control for his own welfare, which can best be provided by commitment to Veterans Administration Hospital. That the foregoing opinion is based upon the following facts and circumstances Dementia Praecox."

After appointing counsel to represent Powers, the Court held an inquest on June 9, 1947 (KRS § 202.070), submitted evidence to a jury which, after being duly impaneled and sworn, returned the following verdict:

"We, the jury, find from the evidence that the defendant is a person of unsound mind and a lunatic. That the unsoundness of mind has existed several years, that he was born in Chicago, Illinois, and resides in Fayette County, Ky., and is 30 years of age, that he owns no estate of any kind, that his father is Dead and mother is living and she resides in Chicago, Illinois, and has not estate sufficient to support the person under trial, and that he is not capable of laboring for self-support; that he is married."

Thereupon, the Court entered the following judgment:

"Wherefore, it is adjudged by the Court that said Wm. J. Powers, Jr., is a person of unsound mind and mentally ill, and that he be committed to U. S. Veterans Administration Hospital."

Signed by Chester D. Adams, Judge Fayette Circuit Court.

The judgment of the Circuit Court was certified to the Fayette County Court.

Subsequent to this finding and commitment, Mrs. Marian R. Powers, wife of William J. Powers, Jr., filed her petition in the Fayette County Court stating in substance that it is necessary for a Committee to be appointed for her husband, William J. Powers, Jr., whose personal estate to be administered consists of $150.00 "monthly benefits", and she asked to be appointed as such Committee (see Exhibit 2 filed with deposition of Mrs. Bonnie Milbourn, Deputy Clerk, Fayette County Court), and on July 26, 1947, the County Court made the following order (KRS § 387.210):

"It appearing to the Court that William J. Powers, Jr., was adjudged to be an incompetent person by the Fayette Circuit Court on June 9th, 1947, a copy of said inquest being filed herewith; it is ordered by the Court that Marian R. Powers be, and she is hereby appointed Committee for the said William J. Powers, Jr., an incompetent.

"Whereupon, the said Marian R. Powers appeared and qualified as Committee aforesaid, by taking the oath prescribed by law and entered into bond in the penal sum of Two Thousand ($2,000.00) Dollars with the Fidelity and Deposit Company

of Maryland as surety, all of which is approved by the Court."

Mrs. Powers continued as Committee for her husband until August 24, 1949, when she tendered her resignation, filed her final accounting, and petitioned for the appointment of a successor Committee for her husband, William J. Powers, Jr., and stated, in substance, that he was entitled to receive Officers' Retirement pay from the Veterans Administration in the amount of $157.50 per month, and that the amount of his estate in the hands of the Committee was $430.67 cash on deposit in bank and U. S. Government bonds in the amount of $618.75. She further stated that the appointment of her successor was a condition precedent to the payment of her husband's retirement benefits. (See Milbourn Exhibit 9 filed with the deposition of Mrs. Bonnie Milbourn, Deputy County Clerk). The Court, acting upon this petition, entered the following order:

"IT IS ORDERED and ADJUDGED that the Citizens Bank and Trust Company, Lexington, Kentucky, be and it is hereby appointed as Committee for William J. Powers, Jr., and that the bond of said Committee be fixed in the amount of Three Thousand Dollars ($3,000.00).

"Thereupon appeared the Citizens Bank and Trust Company, by said Trust Officer, Paul Slaton, and executed bond in the penal sum of Three Thousand Dollars ($3,000.00) with its capital stock as surety which bond was examined and approved by the Court and the Committee having taken the oath as required under law is now empowered to perform all duties and acts as committee for William J. Powers, Jr."

Subsequent to the above order, the name of the Citizens Bank and Trust Company has been changed to Citizens Union National Bank and Trust Company.

I am of the opinion that the above proceedings were in all material respects in conformity with the statutory provisions of Kentucky governing such matters. Mr. Powers was not personally present at the inquest for it was shown by the affidavit of Dr. Schwartz and Dr. Baker, staff physicians of the institution where Mr. Powers was confined, that he was mentally ill and mentally defective and it would be unwise to bring him into court (KRS § 202.130).

The above proceedings vested jurisdiction in the Fayette Circuit Court of Fayette County, Ky., to hold the inquest and render the judgment above set out; vested in the County Court of Fayette County, Ky., jurisdiction to appoint Mrs. Powers as Committee for her husband as hereinabove set out, and vested jurisdiction in the County Court to appoint the defendant, Citizens Union National Bank and Trust Company (formerly Citizens Bank and Trust Company) as Committee for Mr. Powers as successor to Mrs. Powers.

It seems quite clear that the acceptance of the resignation of Mrs. Powers as Committee for her husband and the appointment of the bank as her successor, although made without notice to Mr. Powers, was a mere substitution of one officer of the Court for another. No substantial right of Mr. Powers was affected and due process does not require notice and opportunity to be heard in such a proceeding. The essentials of due process of the law were met. The orders entered as above set out are not void. They are not subject to this collateral attack. Chaloner v. Sherman, supra.

It is not asserted in the complaint that any of the above mentioned orders or proceedings were entered corruptly or fraudulently, nor is it asserted therein that at the time of the inquest Mr. Powers was not a person of unsound mind, or that he was not in the deranged mental condition described in the affidavits of the examining physicians, or that he was not incapable of managing himself and his estate. There is no showing that any action was ever taken to have the State Court declare or adjudge plaintiff re-

stored to his right mind or to competency to handle his estate under KRS § 202.290, § 388.340.

■ In respect to the claims asserted in the complaint charging that the Directors of the defendant bank failed to exercise due care to ascertain that Mr. Powers was legally domiciled in the State of Illinois, they involved an irrelevant and immaterial matter, since under KRS § 202.030 the inquest proceedings related only to "a person in the county", and similar proceedings under KRS § 388.250 related only to a mentally incompetent beneficiary of the Veterans Administration who is found within this state, whether or not a resident thereof. It is undisputed that at the time of the inquest Mr. Powers was in the Veterans Administration Hospital at Lexington, Kentucky. Neither the bank, nor its directors or trust officer, were under any duty to inquire as to his claimed domicile elsewhere.

For the reasons indicated, the motion to dismiss such claims against the Directors of the Bank and Paul Slaton, its Trust Officer, should be sustained for failure to state a claim upon which relief can be granted.

■ In respect to all other charges against the defendants, I am of the opinion that this action constitutes a collateral attack upon the judgment of the State Court. Even if any of the orders ought to be set aside, the remedy must be sought by a direct proceeding in the State Court as provided by KRS § 202.-290, § 388.340, or by other appropriate proceedings to that end. Chaloner v. Sherman, 242 U.S. 455, 461-2, 37 S.Ct. 136, 61 L.Ed. 427, Simon v. Craft, 182 U.S. 427, 21 S.Ct. 836, 45 L.Ed. 1165.

For the reasons indicated, the motion of the defendants for summary judgment should be sustained and this case should be dismissed for lack of Federal jurisdiction.

Counsel for defendants will prepare, serve and submit for entry an order in conformity herewith.