**William J. POWERS, Jr., Petitioner,**

v.

**Chester D. ADAMS, Judge of the Fayette Circuit Court, Respondent.**

Court of Appeals of Kentucky.

Jan. 24, 1964.

---

circuit court remedy would not be adequate. This Court will not grant an order of prohibition where there is an adequate remedy in the circuit court.

The petition is denied.

William J. Powers, Jr., pro se.

Donald P. Moloney, Lexington, for respondent.

CULLEN, Commissioner.

William J. Powers, Jr., has filed in this Court a petition asking that an order of prohibition be entered against Chester D. Adams, Judge of the Fayette Circuit Court, enjoining him from enforcing or causing any other person to enforce an order of 35-day commitment for mental observation of Powers made on May 17, *1947*, and a judgment adjudicating Powers to be a person of unsound mind and committing him to the U. S. Veterans' Hospital at Lexington, entered June 9, *1947*. The petition alleges various grounds upon which the order and judgment are claimed to be void.

The petitioner has been released from institutional confinement and the petition does not allege that the respondent or anyone else is threatening now to enforce the order and judgment (of course the order is functus officio, having long ago been enforced to the full extent possible). It appears that what the petitioner really desires is that the order and judgment be vacated. Such relief may be sought in the court that entered the order and judgment. Cadden v. Commonwealth, Ky., 242 S.W.2d 409. No reason has been shown why the