**William J. POWERS, Jr., Plaintiff,**

v.

**The UNITED STATES, Defendant.**

No. 22–87 C.

United States Claims Court.

Nov. 1, 1988.

William J. Powers, Jr., Des Plaines, Ill., pro se.

John S. Groat, Washington, D.C., with whom were Asst. Atty. Gen. Richard K. Willard, David M. Cohen, Director, for defendant. Major James Hatten, Dept. of the Army, of counsel.

## OPINION

HORN, Judge.

This case was filed, by the plaintiff, *pro se*, on January 20, 1987. Defendant responded by filing a Motion to Dismiss, for lack of jurisdiction, which is decided below. In its Motion, defendant contends that plaintiff, William J. Powers, Jr., is barred from bringing suit in this court by the six year statute of limitations in 28 U.S.C. § 2501 (1982). In response, plaintiff argued that a legal disability, namely, that he had been adjudged legally incompetent by a Kentucky court, tolled the statute of limitations until three years after he was found legally competent in 1984. Defendant agrees that if the statute of limitations has been tolled, this case is properly before the court.

For the reasons stated below, defendant's Motion to Dismiss is hereby GRANTED, in part, and DENIED, in part.

### Background

Plaintiff, William J. Powers, Jr., served as a Lieutenant in the United States Army from January 8, 1942 until May 4, 1947, when he was relieved from active duty because of a physical disability. At that time, he was transferred to the Veterans Administration Hospital in Lexington, Kentucky, for further observation and treatment. Two doctors from the Veterans Administration Hospital sent a certification letter, dated May 15, 1947, to the Fayette Circuit Court, certifying that plaintiff was "considered psychotic (insane), which renders him incompetent to manage his own affairs, and requires supervision and control for his own welfare." They repeated these same statements in an affidavit submitted to the state court. On June 9, 1947, the plaintiff, William J. Powers, Jr., who was represented by counsel, was adjudicated "a person of unsound mind and a Lunatic", and was committed to the U.S. Veterans Administration Hospital by the

Fayette, Kentucky Circuit Court. *In re Powers*, Lunacy Book 14 at 65 (Fayette Circuit Ct. May 17, 1947). The plaintiff's wife was appointed as his committee, commencing July 26, 1947. She resigned as his committee and was replaced, on August 24, 1949, by Citizen's Union National Bank and Trust Company of Lexington, Kentucky ("The Bank").

The Bank received the plaintiff's military retirement pay on his behalf from November 1, 1950 until November 1, 1960, when payments were halted at plaintiff's request, pursuant to his filing suit against the Bank. Plaintiff, a non-lawyer, filed two separate suits during this time. *Powers v. Slaton*, 314 F.2d 413 (6th Cir.), *cert. denied*, 375 U.S. 895, 84 S.Ct. 171, 11 L.Ed.2d 124 (1963); *Powers v. Citizens Union Nat'l Bank & Trust Co.*, 221 F.Supp. 617 (E.D.Ky.1963).

*Powers v. Slaton* was an action brought in the United States District Court for the Eastern District of Kentucky against Paul Slaton, the Trust Officer of the Bank, asking for a declaratory judgment and an order directing defendant to cease and desist from holding himself out as a lawfully appointed committee for the plaintiff. The court treated Defendant's Motion to Dismiss as a Motion for Summary Judgment and dismissed the action. *Powers v. Slaton*, 314 F.2d at 413 (opinion by Hiram Church Ford, J. not reported). The United States Court of Appeals for the Sixth Circuit, in a *per curiam* opinion, affirmed the District Court's decision and held that Slaton was acting "for the express purpose of performing a ministerial act for his employer[;] ... he did not petition the court for appointment; he was not designated by the court to act in any capacity; he did not hold himself out as Committee for plaintiff...." *Id.* at 415.

*Powers v. Citizens Union Nat'l Bank & Trust Co.*, 221 F.Supp. 617, was brought in the United States District Court for the Eastern District of Kentucky. The action was brought against the Bank for failure to exercise due care to ascertain that at the time the Bank was appointed as plaintiff's committee the plaintiff was a citizen of another state. The case was dismissed for failure to state a claim upon which relief could be granted and for lack of federal jurisdiction. *Id.* at 624. The court treated the defendants' motion to dismiss as a motion for summary judgment and ruled in their favor. Plaintiff then moved the court to vacate this order and judgment. Oral arguments were heard and plaintiff's motion was denied. Plaintiff attempted to appeal the decision in the United States Court of Appeals for the Sixth Circuit, but failed to comply with the Federal Rules of Civil Procedure, requiring a bond for costs on appeal. *Powers v. Citizens Union Nat'l Bank & Trust Co.*, 329 F.2d 507 (6th Cir.1964).

In addition, plaintiff also brought suit in the Court of Appeals of Kentucky, against a judge of the Fayette Circuit Court, petitioning for an order enjoining the circuit court judge from enforcing the order and judgment of commitment for mental observation entered in 1947. In an opinion filed January 24, 1964, the court held that the order of incompetency could only be vacated in the court which originally had entered the judgment. The petition, therefore, was denied. *Powers v. Adams*, 374 S.W.2d 862 (Ky.Ct.App.1964).

From November, 1960 until October, 1965, retirement benefit payments due to plaintiff were withheld by the government. Payments began again when the Bank notified the United States Army Finance and Accounting Center ("Finance Center") that the suits filed against the Bank had been concluded and that the Bank remained as plaintiff's committee. The Finance Center then retroactively paid plaintiff's pension benefits to the Bank, for the period November, 1960 to October, 1965, and resumed monthly payments prospectively.

Payments were again halted on April 1, 1966, when plaintiff initiated a suit against the United States in the United States Court of Claims, this court's predecessor. In an Order issued on March 10, 1967, "[w]ithout oral argument, the court concluded that plaintiff lacks the capacity to bring suit ... and ordered that the petition be dismissed." *Powers v. United States,*

179 Ct.Cl. 924 (1967). After the dismissal by the United States Court of Claims, the Bank was again paid retroactively to cover the unpaid period. Mr. Powers did not initiate further litigation until the suit, presently before this court, was filed by the plaintiff, *pro se*, on January 20, 1987. Monthly payments continued to be made to the Bank on plaintiff's behalf until February 1, 1972, when the Bank failed to file a report regarding the existence and whereabouts of plaintiff.

On January 20, 1984, plaintiff's adjudication of incompetency was voided. *In re Powers,* No. 77–P–2736 (Fayette Dist.Ct., January 20, 1984). On May 15, 1984, plaintiff notified the Finance Center and requested his retirement pay benefits retroactive to October, 1960. On September 19, 1984, the Finance Center notified plaintiff that he would be paid benefits for the time period retroactive to June 1, 1978, but that his claim for pay withheld from February 1, 1972 through May 31, 1978, was barred by 31 U.S.C. § 3702(b)(1) (1982). Plaintiff has received retirement pay due him subsequent to June 1, 1978, and currently receives monthly payments.

In the action currently before the court, plaintiff seeks a monetary judgment against defendant for (1) the administrative expenses collected by the Bank during the time the Bank acted as plaintiff's committee, (2) any unpaid retirement pay due plaintiff prior to February 1, 1972, and (3) retirement pay due from February 1, 1972 to June 1, 1978.

### Discussion

In the United States Claims Court, an action for military retirement pay must be commenced within six years from the date on which the claim accrued, unless the statute of limitations has been legally tolled. 28 U.S.C. § 2501 (1982). The statute lists legal incompetency as one of the recognized disabilities which can toll the applicable six year statute of limitations. Section 2501 states that a person under a legal disability at the time the claim accrues, has up to three years after the disability ceases, to file a claim. *Id.*

In support of its Motion to Dismiss, defendant argues that plaintiff's law suit was filed more than six years after the claim accrued. The defendant acknowledges that the adjudication of plaintiff's incompetency was not legally revoked by the Fayette, Kentucky Court, until 1984. Citing to *Goewey v. United States,* 612 F.2d 539, 222 Ct.Cl. 104 (1979), however, the defendant argues that, during the applicable six years, the plaintiff, in fact, was not operating under a legal disability, but was gainfully employed as a law librarian and had been able to initiate several law suits. The defendant also argues that the plaintiff should have taken steps to vacate the adjudication of incompetency, long before the 1984 date, when the state court judgment was lifted.

Plaintiff, proceeding in this action *pro se*, argues that the adjudication of incompetency, entered against him by the Kentucky Court in 1947, documented a legal disability sufficient to prevent him from bringing suit within six years of the date his claim accrued. He further contends that because the adjudication of incompetency was voided by the state court only on January 20, 1984, this action, which was filed on January 20, 1987, was timely filed. Moreover, plaintiff cited to the numerous legal actions, which he had filed in various state and federal courts during the intervening years in which he had unsuccessfully tried to correct his legal status and his pension rights.

Certainly, as stated in *Goewey v. United States,* "[t]he law presumes sanity and competency, rather than insanity and incompetency." *Id.* at 544, 222 Ct.Cl. at 112. The legal disability exemption, provided in 28 U.S.C. § 2501, was created to protect the rights of those persons who in some fashion were prevented access to the courts and were, therefore, unable to bring suits in a timely fashion. *Id.,* 612 F.2d at 544, 222 Ct.Cl. at 113; *see also, Marcos v. United States,* 106 F.Supp. 172, 176, 122 Ct.Cl. 641, 655 (1952); *Warren v. United States,* 4 Cl.Ct. 552, 555 (1984).

Plaintiff's employment as a law librarian and his attempts, notably unsuc-

cessful, to clarify his legal status and his pension rights, however, should not be held to prevent him from asserting that the six year statute of limitations was tolled in this case. For the purposes of applying 28 U.S.C. § 2501, this court must accord full effect to the outstanding judgment of plaintiff's incompetence by the Fayette, Kentucky Circuit Court until its dissolution on January 20, 1984. *See* 28 U.S.C. § 1738 (1982). The *Goewey* case is distinguishable because, although the plaintiff in *Goewey* frequently had been under psychiatric care, he had not been, according to the opinion issued in that case, adjudged incompetent by a court of law.

The court finds, that the instant case was timely filed and is properly before the court. It is the opinion of this court that in this case the presumption of mental competency is overcome by the presence of a judicial adjudication of incompetency by a court of competent jurisdiction. Defendant's Motion to Dismiss based on a claim that this court lacks jurisdiction is, hereby, DENIED.

█ Plaintiff has requested the court (1) to award him a sum equivalent to the administrative expenses which were deducted from his retirement pay while it was being collected by the Committee Bank appointed to oversee his affairs, (2) to award him all retirement pay due for the period prior to February 1, 1972 and (3) to award him retirement pay for the period February 1, 1972 to June 1, 1978.

In support of its Motion to Dismiss the claim for administrative expenses, defendant, without providing any documentation or case citations, has merely declared that payment of such expenses are not the responsibility of the United States. Plaintiff on the other hand, seems to claim that during the period he was adjudicated incompetent, the government had a fiduciary duty to protect his entire pension for his current or future use. Whether we agree with plaintiff or not is inconsequential at this time. Taking the facts in a light most favorable to the plaintiff, on a Motion to Dismiss, the defendant has not satisfied its burden in order to prevail with respect to

this issue. *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1973); *see also, Standard Mfg. Co. v. United States*, 7 Cl.Ct. 54, 55 n. 3 (1984). Defendant's Motion to Dismiss as to this claim is, therefore, DENIED.

Regarding plaintiff's claim for retirement pay, allegedly owed to him for the period prior to 1972; subsequent to the filing of this claim, as stated by the parties at the oral argument on October 12, 1988, defendant has documented to plaintiff's satisfaction that no additional monies are owed and that he has been fully compensated. This portion of plaintiff's claim, therefore, can be properly disposed of at this time and is hereby, DISMISSED.

With respect to the retirement pay claimed for the period of February 1, 1972 through May 31, 1978, both parties agree that, assuming the case is properly before this court, and that the case was timely filed by the plaintiff on January 20, 1987, this portion of the complaint remains in dispute between the parties.

## Conclusion

For the reasons stated above, defendant's Motion to Dismiss with respect to the retirement pay claimed for the period prior to 1972 is GRANTED. The Motion to Dismiss is DENIED with respect to the claims for administrative expenses and retirement pay for the period 1972 to 1978. Further proceedings in the case will be set by the court in a separate Order.

IT IS SO ORDERED.