A. D. McNeill, as State's Attorney for the Fourth
Judicial Circuit of the State of Florida, *Appellant*,
v. Sarah J. Harlow, by Her Next Friend, Robert J.
Goff, *Appellee*.

Opinion Filed March 25, 1921.

Petition for Rehearing Denied April 21, 1921.

Where a person who has in another State been adjudged to be
    "not possessed of sufficient capacity to take care of herself
    and property," afterwards removes to this State, an adjudi-
    cation by a chancery court in this State, having the parties
    before it, that such person "is of sound mind and capable
    of managing her own affairs" and that she be "restored to
    her personal liberty" and that she "is entitled to all the
    property rights granted by the Constitution and laws of the
    State of Florida," is not invalid.

An Appeal from the Circuit Court for Duval County;
Daniel A. Simmons, Judge.

Affirmed.

*W. H. Baker* and *Fred Botts*, for Appellant;

*Herbert L. Anderson* and *Charles A. Powers*, for Ap-
pellee.

Whitfield, J.—It appears that Sarah J. Harlow was
in the State of Ohio adjudged to be "not possessed of suf-
ficient capacity to take proper care of herself and prop-
erty," and a guardian of her person and estate was ap-
pointed by the Ohio court. Subsequently the ward re-
moved to Florida, and upon full hearing on a petition
in her behalf the Circuit Court for Duval County, Flor-

ida, in proceedings under the statute for the restoration to a status of sanity of persons who had been adjudged insane, adjudged "that the said Sarah J. Harlow is of sound mind judicially and is capable of managing her own affairs; that the said Sarah J. Harlow be immediately restored to her personal liberty; that the said Sarah J. Harlow is entitled to all the property rights granted by the Constitution and Laws of the State of Florida."

On appeal it is contended that the Florida court had no jurisdiction, because, it is argued, if the Ohio decree is without force in Florida, the ward in this State has the status of a competent, and if the Ohio decree was in force in Florida, the decree of the Florida court was a vain attempt to vacate the Ohio decree, which is entitled to full faith and credit in this State under the Federal Constitution.

Even if the Florida statute, Sections 1962-5, General Statutes of 1906, Compiled Laws of 1914, 3230-3, Revised General Statutes of 1920, under which the proceeding was brought, has reference only to persons who have been adjudged insane in this State, yet independently of statute, the Circuit Courts of this State have general jurisdiction of non-sane persons and of their property in this State, and it does not appear that an appropriate aljudication was not made in this case, the person being a resident of this State and before the court. Even if the decree of the Ohio court adjudging the mental status of the party was effective in this State, that decree being of a nature that of necessity contemplated its modification or vacation in that State, or in another State, if, in the course of nature, the party be restored to sanity and mental competency in another State, therefore the

adjudication of the Florida court was not a violation of the Ohio decree. If the Ohio decree was without force in this State, and the party was a competent person in this State before the decree, no harm results from the decree.

Affirmed.

BROWNE, C. J., AND TAYLOR, ELLIS AND WEST, J. J., concurs.