**Roy BURRIS and his wife et al., Appellants,**

**v.**

**Wilbur BURRIS et al., Appellees.**

Court of Appeals of Kentucky.

Dec. 16, 1960.

John M. Keith, Cynthiana, W. Marvin Davis, Falmouth, for appellants.

No appearance for appellees.

MOREMEN, Judge.

Orah Lee Burris died on October 10, 1956, and left surviving as his only heirs at law three sons, Roy, Wilbur, Allen, and one daughter, Mabel. He was divorced from his wife in 1938 and the two younger children, Allen and Roy lived with their mother until 1948, when she went to live with Wilbur Burris.

In 1955, Orah Burris, the father, became incapacitated and he entered a hospital on December 28, 1955. On the 12th day of February of the following year he was adjudicated incompetent and a committee was appointed for him. He was restored to competency on June 14, 1956. On August 2, 1956, he conveyed a farm which he owned to Wilbur Burris for the sum of $5,000, payable in ten equal installments. A vendor's lien was retained in the deed. On

September 24, 1956, Orah Burris was taken to the courthouse where, on the margin of the deed, he stated that the notes had been fully satisfied, and the lien was released. No consideration in money was paid by Wilbur to him. There is some evidence that Wilbur had promised to take care of him for the balance of his life. The father was sick and incapacitated during the period we have described and, as stated above, he died on October 10, 1956.

Appellants, Roy Burris and Mabel Burris Marshall, and their spouses filed a complaint in which it was alleged that Orah Burris lacked the mental capacity to make the deed and that the appellee, Wilbur Burris, had fraudulently prevailed upon his father to execute the deed and no consideration was paid therefor. Issues were joined and upon trial a verdict was returned in behalf of appellee. From the judgment entered on that verdict this appeal is prosecuted.

Appellant urges as ground for reversal of the judgment that the court erred in refusing to admonish the jury to disregard all records or statements that decedent, Orah Burris, had been adjudicated sane at an inquest held on June 14, 1956. The motion reads:

"Plaintiffs, by counsel, move that the Court instruct the jury to disregard any statement made or records introduced restoring Mr. Burris, for the reason that the Circuit Court has exclusive jurisdiction in such cases, and that a jury of only six men was impaneled to and did hear the restoration proceedings, and that he be declared incompetent as of the date of his commitment, which was the first record introduced in evidence."

The argument is based upon the ground that the circuit courts have exclusive jurisdiction of all inquests under KRS 202.020, which reads in part:

"The circuit courts shall have exclusive jurisdiction of all inquests concerning the condition of the mind or

mental faculty of persons, except that when no circuit court is in session in the county, inquests of insane persons may be held by a circuit judge or by the county court."

No regular term of the Pendleton Circuit Court was in session on June 14, 1956, KRS 23.050. It seems plain from the evidence that the case was tried by the county judge.

Section 248 of the Constitution provides that a jury in a court inferior to a circuit court shall consist of six persons. KRS 29.015 requires that a petit jury in the circuit court shall consist of twelve jurors. We decided in Turpin's Adm'r v. Stringer, 228 Ky. 32, 14 S.W.2d 189, 192, that even though a county court judge presides the proceedings are in the circuit court, saying:

"It, however, provides that if the circuit court is not in session for that county, then the proceedings may be presided over and held by either the circuit judge if he is present in the county, or by the judge of the county court, and which prescribed duties on the latter are not those to be performed by him as presiding officer of the county court, but as a sort of special judge to preside in the special proceedings authorized to be brought only in the circuit court, and which duties are analogous to similar ones, under prescribed condition, that the county judge performs in the granting of temporary injunctions or specific attachments. The record made by him as such presiding officer is, therefore, necessarily made in the circuit court and as a part of its records and not on the records of the county court."

■ Since the second inquest was in the circuit court and only six jurors were used, the proceedings were defective. We do not believe it follows that appellant was entitled to an admonition to the jury that they should disregard it entirely because there is nothing conclusive for all times about an

adjudication either of sanity or insanity. At best it is merely corroborative evidence which may be used in support of that which was introduced concerning the vital point of the case, that is: Was Orah Burris competent to execute the conveyance and later release the lien retained in the deed?

Counsel appears to have proceeded on the theory that if the June 14 inquest of restoration was disregarded by the jury, a strong presumption of insanity would arise by reason of the first inquest when appellant was adjudged insane.

■ We have often held that an inquest of sanity is conclusive at the time, but only prima facie as to any subsequent time. Clark's Ex'r v. Trail's Adm'rs, 1 Metc. 35, 58 Ky. 35; Andrews v. Andrews' Committee, 120 Ky. 718, 87 S.W. 108, 90 S.W. 581; Johnson's Committee v. Mitchell, 146 Ky. 382, 142 S.W. 675; Wathen v. Skaggs, 161 Ky. 600, 171 S.W. 193; Davenport v. Jenkins' Committee, 214 Ky. 716, 283 S.W. 1044; and Hale v. Hale, 245 Ky. 358, 53 S.W.2d 554.

Therefore the only issue was the father's mental capacity at the time of the deed and the release of the lien. Proof of the inquests was admitted only for the purpose of corroborating the testimony of other witnesses. We find no prejudicial error in the court's failure to admonish the jury to disregard it. The trial court submitted to the jury the question of whether decedent was of unsound mind at the time of the execution and delivery of the deed in August 1956, and whether the deed was procured by undue influence. The instructions in no way recognized that either adjudication had any effect upon the question of his capacity at that time. Since the matter of the inquest was only evidentiary and not conclusive, we believe no prejudicial error was caused by failure to sustain the motion and admonish the jury. We are strengthened in this belief by the fact that appellant himself introduced proof concerning the first inquest without objection from the appellee, and on cross-examination it was shown that the second inquest had been held. Appellant having opened the flood gates was not in a position to complain about a complete disclosure of the circuit court's records even if error had been committed in one of the hearings.

We recognize that our cases show some confusion as to whether evidence relating to inquests is competent at all. In the group of cases last cited above the court assumed that such evidence was competent. In Oder's Ex'r v. Webster, 224 Ky. 551, 6 S.W.2d 690, this court specifically held that such testimony should be admitted.

In Teegarden v. Webster, 304 Ky. 18, 199 S.W.2d 728, evidence of an insanity inquest was excluded, apparently on the ground of remoteness of time. The inquest had been held nine years before the will was executed. But even there an attempt was made to differentiate the Oder case from the facts presented in the Teegarden case on the ground that a doctor had testified that the testator suffered from a slow mental deterioration and evidence of the insanity inquest was introduced in corroboration.

In Nance's Ex'r v. Veazey, Ky., 312 S.W.2d 350, 354, the court held that on factual situations differing from the Oder case such evidence was inadmissible, overruled the Oder case, cited the Teegarden case, and said:

"Furthermore, the majority of the Court feel that the prejudicial effect of inquest evidence in a case of this type so far outweighs its probative value as to render it inadmissible. The minority of the Court believe that the evidence should be admissible, but that an admonition concerning its consideration should be given when requested. Therefore, the Oder case, insofar as it allows admission of such inquest evidence in cases involving testamentary capacity, is overruled."

As we have pointed out no objection was made to the introduction of this evidence by

either party but we say, obiter dictum, that the court has grave doubts about the apparent rule in the Nance case because such case certainly does not follow the general rule and does not discuss the many other cases which may be found in the Kentucky Digest, Insane Persons, ⊙⇒26, which apparently approve such evidence.

Appellant next complains that the court erred in overruling the motion for a judgment notwithstanding the verdict. This argument is based on the proposition that the burden was on appellee to establish that the transaction was fair and equitable and the grantor had sufficient mental capacity to know the effect and consequences of his act. It is true that appellant had introduced three doctors and a number of lay witnesses whose testimony was in direct conflict with one doctor and other lay witnesses introduced by appellee. There is direct conflict in the evidence. The jury accepted the testimony of the witnesses offered by appellee and we are not disposed to disturb its verdict.

Judgment affirmed.