**Edward Anthony WAGNER, Jr., Appellant,**

**v.**

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

May 29, 1964.

Edward Anthony Wagner, Jr., pro se.

Robert F. Matthews, Atty. Gen., Frankfort, for appellee.

CLAY, Commissioner.

This is a proceeding under RCr 11.42. Appellant moved to vacate a judgment of conviction entered in 1961 on the ground that at the time of committing the offense charged and at the time of trial he was insane. The trial court denied the motion.

In 1961 appellant was convicted of an offense under KRS 435.110 and given a five year prison sentence. This judgment was appealed and affirmed in Wagner v. Commonwealth, Ky., 355 S.W.2d 151. Appellant was represented by counsel at the trial and on the appeal.

Neither before nor during the trial was any question raised concerning the sanity of appellant. In the present proceeding he called to the attention of the trial court two judgments of the Jefferson Circuit Court, entered in 1944 and 1946, declaring appellant to be a person of unsound mind. It is his contention that by virtue of these judgments, the court, under section 156 of the Criminal Code (now RCr 8.06), is required to vacate the former judgment and try the question of his sanity. It is apparently his position that the prior adjudications of insanity conclusively constitute "reasonable grounds" upon which the court must now hold a sanity hearing under RCr 8.06.

 Although appellant complains of the procedure in the present proceeding (the Commonwealth did not answer appellant's motion as permitted by RCr 11.42), the trial court did hear appellant's motion and made specific findings. Among other things, it found there was nothing in the testimony or actions of appellant during the original trial (he testified in his own behalf) that would indicate in any way that he was of unsound mind. It was shown that appellant had been employed in reputable business establishments for 2½ years before his trial and that he had held responsible positions. The only evidence of insanity at the time of the commission of the offense or at the time of the trial was the two judgments of 1944 and 1946. This evidence was not only not conclusive (Murrell v. Commonwealth, 291 Ky. 65, 163 S.W.2d 1), but in view of the length of time which had elapsed, it did not even raise a presumption of insanity. See Davidson v. Commonwealth, 171 Ky. 488, 188 S.W. 631; Commonwealth v. Strickland, Ky., 375 S.W.2d 701. In the latter case it was held that an insanity adjudication shortly before a trial would not itself constitute evidence to support the vacation of a conviction.

Appellant contends the trial court acted arbitrarily in refusing to consider the insanity judgments, which are public records. This is a misapprehension. The records were considered but their evidentiary value was so slight that, without other evidence of insanity at the time of trial, they did not furnish "reasonable grounds to believe" appellant insane. The trial court's finding that there was "no evidence" to indicate appellant was insane must be construed in this light.

From both a legal and practical standpoint, the insanity adjudications of many years ago do not in themselves constitute substantial evidence that appellant was insane at the time of his trial in 1961. At least they were not of sufficient evidentiary value to compel the trial court to grant the relief requested. Without other evidence the appellant simply failed to make an adequate showing. We cannot say the trial court in the exercise of its sound judicial discretion committed error. See Robinson v. Commonwealth, Ky., 243 S.W. 2d 673.

The judgment is affirmed.