Francis B. DELEHANTY, Jr., as Committee for Virginia Kahn, Appellant,

v.

Virginia KAHN et al., Appellees.

Court of Appeals of Kentucky.

May 30, 1969.

Rehearing Denied Nov. 28, 1969.

Lawrence S. Grauman, Frank E. Haddad, Jr., Louisville, for appellant.

William F. Burbank, Ben B. Hardy, Louisville, for appellees.

WADDILL, Commissioner.

In question is the correctness of the judgment entered in this action by the Jefferson Circuit Court which, in effect, holds that Kentucky courts are not required to give conclusive effect to a former adjudication of mental incompetency by another state. The appeal stems from the court's refusal to authorize appellant to take physical custody of his alleged incompetent ward for the purpose of transporting her

from Kentucky to New York. Also questioned is the sum allowed the guardian ad litem.

The events leading to this controversy which are disclosed by the pleadings, exhibits and evidentiary material filed in connection with appellant's motion for summary judgment began on May 28, 1956 when Roger Kahn, a resident of the state of New York, filed a petition in the Supreme Court of the state of New York seeking to have his teen-age daughter, Virginia Kahn, adjudicated an incompetent. On June 27, 1956, Virginia Kahn was adjudicated to be of unsound mind and as a consequence thereof incompetent to manage herself and her affairs. F. B. Delehanty, Jr., was appointed and qualified as the committee of her person and property. Soon thereafter he placed her in a private New York mental institution and proceeded to administer a substantial trust fund that had been established for her benefit.

Thereafter on August 4, 1967, Virginia Kahn fled from her place of incarceration without her committee's consent and came to Louisville, Kentucky where she is presently located. When her committee learned of her whereabouts she had been arrested and committed to the Jefferson County Jail. On October 2, 1967 she was interviewed by Doctor Ethel O'Brien, a psychiatrist, who was apparently employed for this purpose by the Jefferson County Health Department. Doctor O'Brien's handwritten notes concerning her interview with Virginia Kahn reflect, in pertinent part, that Virginia Kahn talks intelligently, rationally and coherently and is without psychosis, but has a behavior adjustment problem.

On October 3, 1967, Mrs. M. P. Ryan, an employee of the Department of Mental Health of the Commonwealth of Kentucky, filed her affidavit in the Jefferson Circuit Court pursuant to KRS 210.340 which stated that Virginia Kahn had escaped from the Craighouse Hospital in New York and that the authorities there requested her re-turn. There was also filed a copy of a telegram from Doctor Bertram Pepper, Associate Commissioner of the Department of Mental Health of New York, which stated that the New York Department of Mental Health would authorize her return to New York under the terms of the Interstate Mental Health Compact. It also requested that Kentucky furnish her necessary hospitalization. Thereupon Honorable J. Paul Keith, Jr., as Judge of the Jefferson Circuit Court, entered an order which authorized and directed Kentucky Central State Hospital to detain Virginia Kahn pursuant to the request of the Department of Mental Health of the State of New York. However, on October 4, 1967, when two psychiatrists at the Kentucky Central State Hospital filed a report in Jefferson Circuit Court showing that they had examined Virginia Kahn upon her admittance to the hospital and had found that she was not mentally incompetent and was not in need of hospitalization, Judge Keith entered an order revoking his order of October 3, 1967 and directed the officials in charge of the Kentucky Central State Hospital to immediately release her.

Thereafter, when F. B. Delehanty, Jr., was unable to persuade Virginia Kahn to return to New York, he filed this action in the Jefferson Circuit Court on October 27, 1967, setting forth that on June 28, 1956, she had been adjudged by the Supreme Court of the State of New York as mentally incompetent and that he had been appointed as committee of her person and property. He alleged that she had been placed by him in a private New York mental institution for treatment and that she had on August 4, 1967, without his consent, left the institution and had come to Louisville, Kentucky. He sought a judgment authorizing him to take custody of his ward, Virginia Kahn, and to return her to New York so that he could properly execute the terms of his trust. He asserted that Kentucky is required by the Federal Constitution to give full faith and credit to the New York judgment which had de-

clared Virginia Kahn to be mentally incompetent and which had appointed him as committee of her person and property. An authenticated copy of the New York judgment was filed as an exhibit to the complaint and it reveals that Virginia Kahn was adjudged to be of unsound mind on June 28, 1956 by the Supreme Court of the State of New York and that Delehanty was appointed the committee of her person and property.

The action was defended by counsel employed by Virginia Kahn and also by her guardian ad litem. The answers filed in her behalf not only place in issue her mental incompetency but affirmatively allege that she is presently mentally competent, that she does not need supervision and that she is unwilling to return to New York to be again incarcerated in a mental institution. The answers controvert the averments in the complaint that the New York judgment of incompetency is now in effect and that the New York judgment is enforceable in Kentucky. It is further affirmatively alleged that, since Virginia Kahn has been in Kentucky, her mental capacity has been established by an order entered in the Jefferson Circuit Court on October 4, 1967 and that such adjudication constitutes res judicata of the issue of her mental competency.

Counsel for Delehanty moved for a summary judgment, contending that the Jefferson Circuit Court is required to give full faith and credit to the former New York decree of incompetency and therefore, Delehanty is entitled to prevail as a matter of law. The response to this motion, in fine, challenged the efficacy of the New York judgment. The circuit court, after considering the pleadings, exhibits and the evidentiary material that was submitted by the parties in connection with the hearing of the motion, was of the opinion that the Jefferson Circuit Court had authority under Chapters 202, 203 and 210 of the Kentucky Revised Statutes to conduct a hearing on October 4, 1967 to inquire into the mental capacity of Virginia Kahn. The circuit court rejected the contention that it must give conclusive effect to the 1956 New York adjudication of incompetency and then held that the order entered by Judge Keith on October 4, 1967, which was based on medical opinions showing that she was then mentally competent, is controlling in the absence of evidence showing a change of her mental condition. When Delehanty's counsel declined to present anything further and rested his case solely on the copy of the 1956 New York judgment of incompetency, judgment was entered which, insofar as relevant to his appeal, dismissed the complaint and awarded the guardian ad litem a fee of $1,000.00 for services rendered.

Delehanty, as her committee, appeals. His counsel argues that the judgment is erroneous because the circuit court failed to give full faith and credit to the judgment entered on June 28, 1956 by the Supreme Court of the State of New York held in and for the county of Westchester in White Plains, New York, where appellee, Virginia Kahn and her parents were then residing. Appellant's counsel relies on Article 4, Section 1 of the Constitution of the United States, and upon numerous cases such as Cadden v. Commonwealth, (1951) Ky., 242 S.W.2d 409; Chaloner v. Sherman, (1917) 242 U.S. 455, 37 S.Ct. 136, 61 L.Ed. 427 and Upton's Committee v. Bush, (1909) 135 Ky. 102, 121 S.W. 1005, which indicate that only the court which adjudicated the party to be mentally incompetent can pass on the question as to whether that party has become competent and capable of managing his own affairs. Counsel for appellee contends that the 1956 New York judgment adjudicating Virginia Kahn to be non compos mentis and appointing a committee of her person and property is not effective or conclusive as fixing her universal or extraterritorial status as a mentally ill person, but, if effective at all, it is effective and conclusive only within the territorial limits of the state of New York. Counsel in appellee's behalf relies on cases such as Wagner v. Commonwealth, (1964) Ky., 379 S.W.2d 731; Matthews v. Mat-

thews, (1962) (Fla.App.) 141 So.2d 799, 96 A.L.R.2d 1231; In re Kassler, (1940) 173 Misc. 856, 19 N.Y.S.2d 266 and In re Kroll's Estate (1957) 8 Misc.2d 133, 169 N.Y.S.2d 495, which tend to support appellee's side of the case.

The decisions are not in accord on the extraterritorial effect of an adjudication of mental incompetency or whether it will be binding in another state. Some decisions hold that such an adjudication must be recognized under the rules of comity or conclusively accepted under the Full Faith and Credit Clause of our Federal Constitution. Other decisions hold that an adjudication of insanity is without effect in establishing the incompetency of a person other than in the state in which the adjudication was made. See 41 Am.Jur.2d, Incompetent Persons, Section 24, pages 562, 563. A theory frequently advanced against the conclusive recognition of an adjudication of insanity is that from its inherent nature it is not intended to be permanent or immutable, but is intended to be subject to change, both in the jurisdiction where rendered and in other states, as warranted by changes in the mental condition of the person in question. In re Kroll's Estate, supra and McNeill v. Harlow, (1921) 81 Fla. 401, 88 So. 127.

In Wagner v. Commonwealth, (1964) Ky., 379 S.W.2d 731, which involved an appellate review of a circuit court proceeding under RCr 11.42 to vacate a judgment of conviction on the ground that at the time of committing the offense charged and at the time of trial the accused was insane, we said in pertinent part:

"* * *. The only evidence of insanity at the time of the commission of the offense or at the time of the trial was the two judgments of 1944 and 1946. This evidence was not only not conclusive (Murrell v. Commonwealth, 291 Ky. 65, 163 S.W.2d 1), but in view of the length of time which had elapsed it did not even raise a presumption of insanity.

See Davidson v. Commonwealth, 171 Ky. 488, 188 S.W. 631; Commonwealth v. Strickland, Ky., 375 S.W.2d 701. In the latter case it was held that an insanity adjudication shortly before a trial would not itself constitute evidence to support the vacation of a conviction. * * *."

In Burris v. Burris, (1960) Ky., 341 S.W.2d 265, we stated that "an inquest of insanity is conclusive at the time, but only prima facie as to any subsequent time." And again in Commonwealth v. Strickland, (1964) Ky., 375 S.W.2d 701, we considered the effect of a former adjudication of insanity in a proceeding to vacate a judgment and rejected the contention that the accused was convicted at a time when he did not have sufficient mental capacity to stand trial.

The policy set forth in our case law to the effect that an adjudication of incompetence is conclusive only at the time of its rendition has received legislative recognition by the enactment of KRS, Chapters 202, 203 and 210. These chapters provide (among other things) summary court proceedings to determine anew the mental health of persons committed to institutions.

We have concluded that the result reached by the Jefferson Circuit Court is correct on these grounds: (1) The 1956 New York judgment of incompetency is not conclusive in Kentucky of Virginia Kahn's present mental condition and (2), appellant failed to meet the issue raised by appellee concerning whether Virginia Kahn is presently mentally incompetent.

Concerning the fee of $1,000.00 allowed the guardian ad litem, which was taxed as costs, we find that this allowance is not excessive in view of the extensive services he rendered in behalf of Virginia Kahn.

The judgment is affirmed.

All concur.